(17 App. Div. 528.)

POLLMANN et al. v. LIVINGSTON et al.

(Supreme Court, Appellate Division, First Department. May 21, 1897.)

1. PLEADING—SUPPLEMENTAL ANSWER.
   Under Code Civ. Proc. § 544, providing that a party to an action may set up by supplemental pleading facts occurring after his former pleading, including a judgment determining the matter in controversy, defendant in an action to set aside a general assignment for fraud is entitled to set up in a supplemental answer a judgment rendered in a proceeding to settle the assignee's accounts, in which all the parties were before the court, determining that the assignment was not fraudulent in the particulars charged.

2. SAME—LACHES.
   Leave to serve a supplemental answer will not be denied for laches in applying therefor whereby plaintiff was put to the expense of a trial, but defendant will be required to indemnify plaintiff for such expense as a condition.

Appeal from special term, New York county.

Action by August Pollmann and others against Morris Livingston and Gabriel Brenauer, as assignee for benefit of creditors of said Livingston. From an order denying a motion for leave to serve a supplemental answer, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

George Bell, for appellants.
Elmer S. White, for respondents.

RUMSEY, J. The action was brought by the creditors of the defendant Morris Livingston to set aside a general assignment made by Livingston for the benefit of his creditors to the defendant Brenauer. The assignment was claimed to have been fraudulent and void, and, as facts to establish that fraudulent intent, there were alleged a sale by the assignee to Bella Livingston, the wife of the assignor, of a large quantity of the assets of the estate, for a grossly inadequate sum, the allowance by the assignee of a fraudulent claim made by Bella Livingston against her husband, and a fraudulent preference in the assignment of the estate of one Julia Livingston, a former wife of the assignor. Some months before this action was begun to set aside the assignment, the assignee, Brenauer, presented to the court of common pleas an account of his proceedings as assignee, and obtained a citation for a final settlement of his accounts. Upon the return day of that citation, all the plaintiffs except one appeared, and their appearance was noted. The plaintiff Borchers, who was not then a creditor, did not appear, but the Folsom Arms Company, who subsequently assigned their claim to Borchers, did appear on that proceeding. The plaintiffs and the Folsom Arms Company filed objections to the account of the assignee, and especially they attacked the alleged sale to Bella Livingston by the assignee, and the claim of the estate of Julia Livingston against the assignor, and the claim of Bella Livingston against the assignor. These proceedings were pending at the time the action was begun, and the answer set up the pendency of these proceedings. After the case was at issue it was referred, and the trial before the referee was entered upon and continued for a considerable time. On the 1st day of May, 1896, the referee's report in the proceedings for an accounting was prepared and signed. It was filed in the office of the clerk of this court on the 12th of January, 1897, and the final order upon it was entered on the 8th of February, 1897, by which the report was confirmed, and the assigned estate distributed in accordance with the report. In this final order, as it is claimed, the sale to Bella Livingston, and the claims of Bella Livingston and Julia Livingston against the assignor's estate, were sustained. The defendants, after the entry of the final order upon the accounting, moved for leave to serve a supplemental answer setting up that order as a bar to the claim of the plaintiffs that the assignment was fraudulent by reason of the facts indicated above. This motion was denied, and from the order denying it this appeal is taken.

It is quite evident from an examination of the pleadings in this action that the defendants intended to rely upon the proceedings which had been begun in the court of common pleas for the settlement of the assignee's accounts, when those proceedings should have taken such shape as to make them available in this action. But, whether that be so or not, there is no doubt that, when those proceedings had resulted in a final order, if they did so before the final determination of this action, the successful party there would be entitled to use that order, so far as it was a determination of the facts disputed in this action, either as a bar or as evidence in

45 N.Y.S.—45

his behalf. Krekeler v. Ritter, 62 N. Y. 372. The final order set-
tling the assignee's accounts could only be a bar if it were plead-
ed, and, as it was entered after the trial of this action had begun,
it could only be pleaded in a supplemental answer, to be served
by leave of the court. The Code of Civil Procedure (section 544)
provides that upon the application of either party "the court may
and in a proper case, must upon such terms as are just, permit him
to make the supplemental complaint, answer or reply alleging ma-
terial facts which occurred after his former pleading, or of which
he was ignorant when it was made; including the judgment or de-
cree of a competent court rendered after the commencement of the
action determining the matters in controversy, or a part thereof."
Just what is intended by the words the court "may and in a proper
case, must," is not precisely clear; but it is assumed that a sup-
plemental pleading can only be served in a proper case, although
the Code seems to give to the court discretionary power to permit
it to be served in a case which is not proper, and to compel the
granting of such permission when a proper case is made. The
courts, however, have construed this section, in spite of its quasi
mandatory form, as leaving it discretionary with the court to per-
mit the service of a supplemental pleading. Spears v. Mayor, etc.,
72 N. Y. 442. And it is said that the change in the wording of the
statute does not change the authority of the court, which, it had
been well settled, had a discretion whether to permit the service of
a supplemental answer or not, but usually did so almost as a mat-
ter of course, unless the facts disclosed upon the motion made it
entirely improper. Holyoke v. Adams, 59 N. Y. 233. We have
examined the facts made to appear upon this motion, and we are in-
clined to think that, within that rule, leave to serve the supple-
mental answer ought to have been granted in this case. If, as
alleged by the defendants, the acts insisted upon as making this
assignment fraudulent have been examined upon the assignee's ac-
counting, and it has been decided there that these acts were all
proper and done in good faith, the final order entered upon that
report would undoubtedly be conclusive in favor of the defendants
as to these facts. No reason is apparent why the defendants, hav-
ing succeeded in litigation upon those facts in one branch of this
court, should not be permitted to have the benefit of an adjudica-
tion in that litigation in another branch. The only reason that can
be suggested why this motion should have been denied is that the
defendants were guilty of laches in delaying the entry of the final
order upon the report of the referee upon the accounting from the
1st of May, 1896, when the report was signed, down to the month of
February, 1897, and thereby putting the plaintiff to a considerable
expense upon the trial of the action, which would have been en-
tirely avoided had that order been promptly entered, and presented
to the referee at the first opportunity after the trial began. But
this laches does no harm to the plaintiffs, except the imposition
upon them of unnecessary costs of the reference, and for that they
can be compensated, and they should be compensated, as a condi-
tion of granting leave to serve this supplemental answer, which, if

it is in fact what it is alleged to be by the defendants, will result in a substantial determination of this suit. The leave should therefore have been granted upon terms such as would compensate the plaintiffs for any injury which may have resulted to them by reason of the delay.

The order should therefore be reversed, without costs, and the motion granted, upon condition that the defendants pay all the expenses of the reference which have accrued since the 1st day of May, 1896, and $10 costs of the motion. All concur.

