[Civ. No. 1586.   Second Apellate District.—March 24 1915.]

## GRANT LINCOLN, Respondent, v. D. W. SIBECK, Appellant.

NEW TRIAL—APPEAL FROM ORDER DENYING MOTION—INSUFFICIENT REC-
ORD—FILING OF NOTICE OF INTENTION—GROUNDS OF MOTION—PRE-
SUMPTION.—Where on an appeal from an order denying a new trial
it appears from the record that the court ruled on the motion, as
upon the merits, the appeal will not be denied for the failure of the
record to state that the notice of intention to move for a new
trial was filed as well as served, or for the failure of the record to
show on what grounds the motion was presented, as it must be as-
sumed from the court's ruling, in the absence of anything appearing
to the contrary, that the notice of intention was filed and that the
errors assigned in the statement constituted the grounds of the
motion.

ID.—STATEMENT ON MOTION FOR NEW TRIAL—SETTLEMENT BY OTHER
THAN TRIAL JUDGE—PRESUMPTION.—A statement on motion for a
new trial settled by a judge other than the judge who presided at
the trial will not be refused consideration on appeal from the order
denying the motion, because of the failure to recite why the state-
ment was not settled by the latter judge, as the presumption of
regularity attending official acts of courts and judges is sufficient.

ID.—CONTRACT—SALE OF RELINQUISHMENT OF RIGHT TO LAND—DAMAGES
FOR BREACH—SUPPORT OF FINDINGS.—In this action to recover dam-
ages for the breach of a contract relating to the sale of a relinquish-
ment of a right to certain described land, which the plaintiff deliv-
ered to defendant for the purposes of making a sale thereof, *held*
that the record sufficiently established that the plaintiff had filed
upon the land, that he executed a sufficient relinquishment and de-
livered the same to defendant for the purposes of sale, and that the
defendant converted the document to his own use by filing the
same in the land-office without the permission of the plaintiff.

ID.—HOLDING OF LAND BY FALSE FILING—PLEADING—PROPER REFUSAL
OF LEAVE TO FILE SUPPLEMENTAL ANSWER.—It is not an abuse of
discretion in such action to refuse leave to the defendant at the
commencement of the trial to file a supplemental answer setting
forth certain facts showing that the land covered by the relinquish-
ment in question was held by a false and fraudulent filing by an-
other in the fictitious name of plaintiff, where no showing is made
why the pleading was not filed at an earlier date.

ID.—VALUE OF RELINQUISHMENT—CONTRACT PRICE.—The value of such
relinquishment, in the absence of contradictory evidence, is the price
stated in the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. L. T. Price, Judge presiding.

The facts are stated in the opinion of the court.

James R. Choate, Edgar F. Hughes, and E. O. Leake, for Appellant.

Robt. T. Linney, and Ralph W. Schoonover, for Respondent.

CONREY, P. J.—This is an appeal by the defendant from the judgment and from an order denying his motion for a new trial.

Respondent claims that the appeal from the order denying a new trial should be denied for want of a sufficient record. The transcript contains a document purporting to be a statement on motion for new trial. It is recited therein that within ten days after entry of judgment the defendant "duly served on plaintiff" his notice of intention to move for a new trial. It is not stated anywhere in the record that such notice ever was filed, and it is pointed out that merely serving such a notice on the adverse party is not sufficient. (Code Civ. Proc., sec. 659.) It may be observed further that the record does not show on what grounds the motion was presented. It does appear, however, that the court ruled on the motion as upon the merits, and this being so we are obliged to assume (in the absence of anything definitely appearing to the contrary) that the notice of intention was filed and that the errors assigned in the statement constituted the grounds of the motion as presented. In *Cross* v. *Mayo,* 167 Cal. 594, 598, [140 Pac. 283], the supreme court said: "While on an appeal from an order denying a new trial it is necessary that it should in some way be made to appear in the record what the grounds of a motion for a new trial were (*Williams* v. *Hawley,* 144 Cal. 100, [77 Pac. 762]), it has several times been substantially held that where there is a statement on motion for a new trial or a bill of exceptions, containing specifications of insufficiency of evidence and assignments of errors of law, the presumption is, in the absence of a showing to the contrary, that notice was duly given, and that the specifications and assignments in the statement or bill of ex-

ceptions conform to those in the notice and constitute the grounds upon which the court was asked to grant a new trial.''

The statement shows that the trial was had before Honorable L. T. Price, presiding as judge of the court, and the judgment was rendered by him. Under the rule of judicial notice (Code Civ. Proc., sec. 1875) we know that L. T. Price was at that time, and at the time of the purported settlement of the statement on motion for a new trial he was, a judge of the superior court of Alpine County. On the seventeenth day of October, 1913, a copy of defendant's proposed statement on motion for new trial was served on plaintiff's attorneys. On November 6, 1913, Honorable John M. York, a judge of the superior court of Los Angeles County, signed at the end of the statement a certificate reading as follows: ''The foregoing statement on motion for new trial is hereby allowed as settled and correct as no appearance is made by attorneys for plaintiff.'' The court's order denying defendant's motion for a new trial as stated in its minutes of December 8, 1913, reads as follows: ''The plaintiff's motion to dismiss the motion for a new trial heretofore submitted on December 1st, 1913, is ordered denied on the ground that attorneys for the plaintiff did not appear at the time statement on motion for a new trial was settled. R. T. Linney, Esq., appearing as attorney for the plaintiff and Williams, Goudge & Chandler for defendants. It is ordered that the motion for a new trial be and is hereby denied.''

The respondent now contends that the statement on motion for a new trial cannot be considered for the further reason that Judge York had no right to make the order of settlement. His action in so doing is admitted to have been excepted to, since the certificate signed by him shows that the settlement was made in the absence of the attorneys of the plaintiff. (Code Civ. Proc., sec. 647.) A bill of exceptions to show an exception taken is unnecessary where, as here, a statement of the fact which raises the exception is included in the order. But, the facts which might have justified the exception do not appear. If Judge Price had refused to settle the statement, or if any other condition described in section 653 of the Code of Civil Procedure, and in rule XXVII of the supreme court, (160 Cal. lv, [119 Pac. xiv]), had come into existence which would authorize another judge to act, then it would have been better practice to show such condi-

tion by proper recitals in the record, instead of relying upon the "presumption of regularity" attending official acts of courts and their judges. In this instance, however, it seems that the presumption of law is sufficient to support the act of the judge in settling the statement, since there is a possibility that for some reason Judge Price had refused to settle the statement after request duly made. Under section 1963, subdivision 16 of the Code of Civil Procedure, it is presumed "that a court or judge, acting as such, whether in this state or any other state or country, was acting in the lawful exercise of his jurisdiction."

The demand stated in the complaint is for the sum of five hundred dollars claimed as damages for breach of contract. It was alleged that on November 12, 1912, plaintiff delivered to defendant a document whereby he relinquished his right to certain described land; that at the same time the defendant delivered to the plaintiff a writing in which he acknowledged receipt of said relinquishment, "to sell within 10 days for the sum of $500.00. . . . In case sale is not made within the specified time I agree to return same." It was further alleged that no sale of the relinquishment was made by defendant and that after the expiration of the ten days the plaintiff demanded from defendant the return of the relinquishment or the payment of said sum of five hundred dollars, which demand was by defendant refused; that the defendant has sold the relinquishment for a sum in excess of five hundred dollars. By his answer the defendant does not deny any of the foregoing allegations of the complaint, except the allegation that he sold the relinquishment, but "denies that the plaintiff was then or is now or at any time has been the owner of" the relinquishment above mentioned; "denies that the plaintiff was on the 12th day of November, 1912, or is now or at any time has been the owner of any estate, or interest in, or title to the said land last above described"; also denies that by the terms of said contract or otherwise the defendant agreed to pay the sum of five hundred dollars to the plaintiff for the relinquishment referred to within ten days from November 12, 1912, or to return said relinquishment to the plaintiff. Defendant further denied that he had sold the relinquishment or received any sum whatever therefor; and alleged that the relinquishment was, on the day when received by him and is now and at all times has been,

of no value whatsoever; also alleged "that prior to the commencement of this action the defendant surrendered said last mentioned relinquishment to the United States government, who was the legal owner and entitled to possession thereof."

Appellant insists that the evidence is insufficient to support the court's finding of fact that the plaintiff was by right of location thereon the owner of the tract of land in the state of Arizona described in the complaint and in said relinquishment, and that as such owner plaintiff had a right to and did execute and deliver to defendant said relinquishment. It is further claimed that the evidence is insufficient to support the finding that the filing of a. relinquishment in the land-office, as this relinquishment was filed by the defendant, is the usual and regular way of filing relinquishments of the kind herein specified for the use and purposes for which relinquishments are made; or the finding that after the filing of said relinquishment the land was filed upon by another person, which could not have been done had defendant returned said relinquishment to plaintiff; or that the value of said relinquishment was the sum of five hundred dollars, or that plaintiff has been damaged in said sum of five hundred dollars.

The issue as to plaintiff's ownership by virtue of a location made by him in the government land-office was distinctly raised by the answer of defendant, and the evidence thereon is contained in the testimony produced by the defendant. His counsel endeavored to prove that "other land besides this land in question" had been filed on by Mr. Lincoln. He asked leave to prove that the plaintiff "filed on 480 acres of land in Arizona in the year 1912, 160 acres under the Homestead Act, and 320 under the Desert Land Act." The theory of his defense clearly was that, although the plaintiff had filed on this land covered by the relinquishment in question, yet that he was not entitled to the land because he had filed upon an excessive amount. It may be noted that he did not offer to show that the filing on the land in question here was made after the other filings or that this land was part of the excess over the legal amount. The defendant testified as to the relinquishment which he had received from the plaintiff, that he had delivered it to the land-office at Phoenix, Arizona; that it was filed there and he saw it on the record.

He denied that he had made any filing on said land or that any one else had done so in his behalf or at his suggestion.

At the commencement of the trial the defendant asked leave to file a supplemental answer in which he desired to set forth certain facts showing that the land covered by the relinquishment in question was held by a false and fraudulent filing by one Wyatt in the fictitious name of Grant Lincoln. Defendant claims that the court erred in refusing to allow the filing of this supplemental answer, and in refusing to allow defendant to put in evidence showing that plaintiff had filed on more government land than he was allowed to under the federal law.

The record does not show any sufficient reason why the proposed supplemental answer had not been filed before the case was set down for trial, and it cannot be said that the court in any way abused its discretion in refusing to allow such answer at the time when presented. As applied to the issues raised upon the complaint and answer on file herein, the court ruled correctly upon the matters of evidence above mentioned. Furthermore, no record evidence was offered by the defendant in connection with his proposed testimony concerning filings made by the plaintiff on government land. The objection that the testimony as offered was incompetent was a valid objection which was correctly sustained.

The court's finding that after the filing by defendant of the relinquishment the said land was filed upon by another person is not sustained by the evidence, but that fact is not material to the case. The record herein sufficiently establishes that the plaintiff had filed upon this land; that he executed a relinquishment in form sufficient to release his claim so that the land could be filed upon by some other qualified person; that he delivered the relinquishment to defendant on the terms noted in the written memorandum; that the defendant converted the document to his own use by filing the same in the government land-office without permission of the plaintiff. Upon these facts the plaintiff was entitled to judgment for the value of the relinquishment, and the only question remaining is whether or not that value was five hundred dollars. The evidence as to this value is very slight, but it is uncontradicted and is sufficient to support the finding. In *Lehmann* v. *Schmidt,* 87 Cal. 15, 22, [25 Pac. 161, 162], where a factor had received property of his principal

to be sold at a fixed price and the factor had converted the property to his own use, the court said that, ''under these circumstances, having converted it to his own use, we think the price stipulated in the agreement is some evidence of the value of the property at the time of the conversion.''

The judgment and order denying defendant's motion for a new trial are affirmed.

James, J., and Shaw, J., concurred.