[Civ. No. 4475. First Appellate District, Division Two.—March 13, 1923.]

## WILLIAM H. WILLIAMS, Jr., Respondent, v. FLINN & TREACY et al., Appellants.

[1] BILLS OF EXCEPTION—SETTLEMENT BY SUCCESSOR.—The judge before whom the case was originally pending, and who denied defendants' motion to amend their answer to conform to the proof, having been succeeded in office by another judge, and the bill of exceptions directed to the order denying such motion having been settled by the latter judge, without objection from plaintiff, defendants were entitled to the benefit of that bill of exceptions on appeal, notwithstanding such bill did not affirmatively show the existence of any of the facts enumerated by section 653 of the Code of Civil Procedure, so as to bring the case within the rule of the supreme court permitting settlement by the successor of the judge who heard the motion.

[2] ID.—JOINT SETTLEMENT—COMPLIANCE WITH CODE.—Defendants' proposed bill of exceptions on appeal from the judgment having been regularly served and, together with plaintiff's proposed amendments, presented for settlement, and thereupon the court having made an order referring said bill of exceptions and amendments to the referee who heard the evidence, and defendants' subsequent proposed bill of exceptions after denial of their motion for a new trial having been regularly served and, together with plaintiff's proposed amendments, presented for settlement, and thereupon the court having made an order referring that bill of exceptions and the amendments to said referee, who settled both of said bills as one bill in so far as they referred to the matters occurring before him, they having been substantially the same in that regard, and such combined bill, together with a further portion relating to the proceedings had before the court, having thereupon been settled and allowed by the judge of the trial court, the method adopted constituted a substantial compliance with the code.

[3] INTEREST—ACTION TO RECOVER COMMISSIONS—QUANTUM MERUIT. In this action to recover commissions alleged to have been due to plaintiff from defendants, who were contractors for street work, as compensation for soliciting contracts to do street work, the case having been one of accounting, which included items claimed upon express contract as well as upon *quantum meruit*, and recovery having been had for an amount which varied greatly from the amount which plaintiff had asked for in his complaint, and which was arrived at after days of investigation by a referee,

plaintiff was not entitled to interest thereon prior to the date of the judgment.

[4] Pleading—Evidence—Denial of Leave to Amend—Abuse of Discretion.—Defendants having been permitted by the referee to present evidence of credits which had not been specifically pleaded in their answer, and the findings of the referee having been based upon such evidence, the trial court committed an abuse of discretion in denying defendants' motion to amend their answer to conform to the proof and so as to get the benefit of all the evidence they introduced.

[5] Id.—General Denial—Issues—Evidence—Findings of Referee. Plaintiff having attached as an exhibit to his complaint a long itemized statement of account, showing the balance claimed to be due him, and the defendants in their answer having denied generally that such exhibit was "a full or complete statement of any account between plaintiff and defendants," the defendants were at liberty to contest each and every item of plaintiff's alleged account and that right was not limited to the individual items of the account specifically denied in the answer; and the trial court committed error in sustaining plaintiff's objections to the findings of the referee in so far as they were based upon evidence contradicting certain items in plaintiff's account, even though such items had not been specifically denied by defendants.

[6] Findings—Reference — Evidence — Appeal.—A referee's finding on a question of fact is entitled to the same weight as a special verdict of a jury where the evidence was produced before and heard by him, or, as otherwise stated, must be given the same dignity on appeal as is required by the established practice as to any conclusion of fact made by a trial court, and it should be sustained, unless plainly not warranted by any reasonable view of the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Reversed.

The facts are stated in the opinion of the court.

Fabius T. Finch and Paul F. Fratessa for Appellants.

I. M. Peckham for Respondent.

LANGDON, P. J.—This action was brought by plaintiff to recover commissions alleged to have been due to him from defendants, who were contractors for street work, as

compensation for soliciting from owners of real property contracts to do street work.

Plaintiff recovered judgment for $1,583.18 and the defendants have appealed. The first problem to be met has reference to the sufficiency of the record presented by the appellants, respondent vigorously objecting to a consideration of the points urged by appellants, upon the ground that said points are not presented by properly authenticated bills of exceptions. The record contains two bills of exceptions, with orders settling and allowing the same. However, several peculiarities distinguish the procedure followed by the appellants in preparing the record upon appeal. The action was tried in the superior court of the state, in and for the city and county of San Francisco, before Judge Hunt. It involved an accounting between the parties, which necessitated an investigation into transactions occurring during a long period of years. The trial judge appointed a referee "to take the evidence and report to the court his conclusion of fact thereupon." The referee proceeded with the hearing, which continued for several days. During this hearing the defendants discovered evidence which they contended entitled them to numerous credits against the plaintiff, which had not been set up in their answer, and they, accordingly, asked the referee for permission to amend the answer to include such credits. The referee announced that he would not postpone the hearing nor permit an amendment at that time, but would hear all the evidence that could be offered by either side and when it was all before him, he would permit amendments accordingly. After the hearing before the referee was completed, it became apparent to the parties that the referee, under the order appointing him, had no power to permit amendments to the pleadings. [1] Defendants then asked the trial judge for permission to amend their answer to conform to the proof submitted by the parties and received by the referee and upon which the referee had based his findings, in effect, that the defendants were indebted to the plaintiff in the sum of $698.11. Permission to amend was refused and defendants prepared a bill of exceptions directed to the order of Judge Hunt denying their motion to amend their answer and cross-complaint. In the meantime Judge Hunt had been succeeded in office by Judge Griffin, who sustained plaintiff's exceptions to the

referee's report as to all credits allowed by said referee which were not specified in defendants' original answer and settled said bill of exceptions directed to the ruling refusing leave to amend without any objection to said settlement having been made by the plaintiff.   Plaintiff and respondent now objects to the consideration of said bill by this court upon the ground that it does not affirmatively appear therefrom that Judge Griffin was qualified to settle and allow the same.   It is contended that the bill should affirmatively show the existence of some one of the facts enumerated by section 653 of the Code of Civil Procedure, so as to bring the case within the rule of the supreme court permitting settlement by the successor of Judge Hunt.   While the better practice, undoubtedly, would be as contended for by the respondent, and while the language of one or two of the earlier cases would seem to sustain his technical position, nevertheless, we think the later and better rule is that announced in the case of *Lincoln* v. *Sibeck,* 27 Cal. App. 61 [148 Pac. 967].   That case was a stronger one for the respondent than is the instant case, because objection was made there to the settlement of the bill, while in the present case no objection was made.   Nevertheless, in the case of *Lincoln* v. *Sibeck, supra,* it was said: "But the facts which might have justified the exception do not appear.   If Judge Price had refused to settle the statement, or if any other condition described in section 653 of the Code of Civil Procedure, and in rule XXVII of the supreme court, had come into existence which would authorize another judge to act, then it would have been better practice to show such condition by proper recitals in the record, instead of relying upon the 'presumption of regularity' attending official acts of courts and their judges.   In this instance, however, it seems that the presumption of law is sufficient to support the act of the judge in settling the statement, since there is a possibility that for some reason Judge Price had refused to settle the statement after request duly made.   Under section 1963, subdivision 16, of the Code of Civil Procedure, it is presumed 'that a court or judge, acting as such, whether in this state or any other state or country, was acting in the lawful exercise of his jurisdiction.' "

[2]   Judgment was rendered and entered by the court on August 29, 1921, and the defendants' time to prepare, serve,

and present their bill of exceptions was extended by order
of court to October 6, 1921. On September 27, 1921, de-
fendants served such bill of exceptions and on November 7,
1921, defendants presented said second bill and amendments
thereto to the clerk of said court. Thereupon the court
made and entered a minute order referring said bill of ex-
ceptions and amendments to the referee to settle the same
as to all matters referred to in said second bill which oc-
curred before said referee. Defendants' motion for a new
trial came on for hearing before said court and was denied
on November 23, 1921. Defendants' time to prepare and
serve a bill of exceptions after the denial of said motion
for the new trial was extended by order of court to Decem-
ber 20, 1921. On December 19, 1921, defendants served a
third bill of exceptions and on December 24, 1921, plaintiff
served his amendments and on December 28, 1921, said third
bill of exceptions and amendments were presented by de-
fendants to the clerk of said court and the court thereupon
made and entered a minute order referring said bill of ex-
ceptions and amendments to said referee for settlement as to
all matters referred to in said bill and occurring before said
referee.

The referee fixed January 11, 1922, at 2 o'clock P. M., at
his office as the time and place for the settlement of both
said second and third bills of exceptions, and at said time
the attorneys for both plaintiff and defendants appeared
before said referee. Both said second and third bills of ex-
ception are substantially the same so far as they refer to
matters occurring before said referee and said bills were
settled as one bill, the referee certifying that they contained
a full, true, and correct statement of all matters and pro-
ceedings had and taken before him in regard to such refer-
ence, and settling and allowing the same over the objections
of plaintiff. On February 14, 1922, the trial judge also
settled and allowed this combined bill of exceptions, which
thus comes to us with the certification of the referee as to
the portion thereof relating to proceedings before him and
with the certificate of the trial judge as to the correctness
of its statement of proceedings before the court.

This extended statement of the facts surrounding the set-
tlement of the bills of exception presented in the record
seemed necessary in view of the many technical objections to

the same raised by the respondent.  We think the method adopted by the appellants substantially complies with the code provisions governing the same and that the bills are properly before us.

[3]  It is contended that the trial court erred in allowing plaintiff interest from February 1, 1918, and that interest should have been computed only from the date of the judgment.  In this contention, we think the appellants are correct.  Recovery was had for an amount arrived at after days of investigation by the referee.  It was a case of an accounting, which included items claimed upon express contract as well as upon *quantum meruit*.  The amounts found by the referee and the court to be due to the plaintiff varied greatly from the amount which he asked for in his complaint and which he had previously demanded from the defendants.  We think this is a case where the damages are not "certain nor capable of being made certain by calculation" and, therefore, plaintiff is not entitled to interest thereon prior to the date of judgment.  (Sec. 3287, Civ. Code; *Cox* v. *McLaughlin,* 76 Cal. 67 [9 Am. St. Rep. 164, 18 Pac. 100]; *Haun* v. *Rosenmayer,* 46 Cal. App. 353 [189 Pac. 117]; *Keyes* v. *Nims,* 43 Cal. App. 1, 19 [184 Pac. 695].)

[4]  As to the action of the trial court in refusing leave to the defendants to amend their pleadings to conform to the proof introduced before the referee, were we of the opinion that such amendment was necessary in order to entitle defendants to a judgment in accordance with the facts found by the referee, and to enable them to secure the benefit of all the evidence which they had introduced in their defense, we should unhesitatingly say that the trial court abused its discretion in this ruling.  It is true that it is only in exceptional cases that the action of the trial court upon a matter of this kind will be disturbed upon appeal, but we think this is such an exceptional case.  It is the aim and aspiration of our system of law and the policy of our courts to afford substantial justice to litigants and to that end liberal amendments are expressly permitted by our code, and encouraged by our courts.  In a case like this one when a party has presented evidence such as would be sufficient upon which to base a finding in his favor as to his right to certain credits and this evidence is presented

during the course of a comprehensive investigation into the facts and figures, and at a time when the rights of the opposing party can be fully protected by the allowance of a continuance to enable him to meet such proof if he so desires, we can see neither reason nor justice in refusing permission to amend to conform to the proof. Indeed, to allow the plaintiff to recover a large amount in an accounting suit which the evidence has disclosed is not due him, merely because through inadvertence or other excusable neglect the defendant failed to set out in his answer all the credits to which he was entitled, would be to settle a controversy without regard to the merits.

[5] However, in the present case, the plaintiff attached as an exhibit to his complaint a long itemized statement of account, showing a balance due him of over $4,000. The defendants answered with general and specific denials of statements of fact and conclusions of law and among the intricacies of that pleading we find a denial that "exhibit 'A' attached to plaintiff's complaint herein is a full or complete statement of any account between plaintiff and defendants." We think that under this denial the defendants were at liberty to contest each and every item of plaintiff's alleged account and that their right was not limited by the individual items of said account specifically denied in the answer. The evidence received by the referee contesting each item of said alleged account was, therefore, properly received under the general denial in defendants' answer; no amendment to the pleadings was necessary to entitle the defendants to the benefit of such evidence. The action of the trial court in sustaining plaintiff's objections to the findings of the referee in so far as they were based upon evidence contradicting certain items in plaintiff's account which had not been specifically denied in the answer was erroneous. That objection to the referee's report was not a good objection and the said report should have been accepted without the change necessitated by the court's ruling in sustaining the exceptions of the plaintiff. [6] A referee's finding on a question of fact is entitled to the same weight as a special verdict of a jury where the evidence was produced before and heard by him, or, as otherwise stated, must be given the same dignity on appeal as is required by the established practice as to any conclusion of fact made by

a trial court.   (Sec. 644, Code Civ. Proc.; 23 R. C. L. 299.) It should be sustained, unless plainly not warranted by any reasonable view of the evidence.   (Sec. 645, Code Civ. Proc.) The trial court should have accepted the findings of the referee and given judgment in accordance therewith, allowing interest only from the date of judgment.

The judgment appealed from is reversed, with instructions to the trial court to accept and confirm the report of the referee and give judgment for the plaintiff in accordance therewith.

Sturtevant, J., and Nourse, J., concurred.