PUE, Respondent, *v.* BUSHNELL, Appellant.

(No. 5,592.)

(Submitted January 7, 1925.  Decided February 4, 1925.)

[233 Pac. 124.]

*Pleading and Practice — Filing Supplemental Pleadings — Discretion—Costs on Appeal.*

Pleading and Practice—Filing Supplemental Pleadings—Discretion.
    1.  The matter of filing a supplemental pleading is not one which a party may demand as of right, but is addressed to the discretion of the trial court, and in order to entitle the movant to favorable action the motion must be made within a reasonable time after the facts material to the cause come to his knowledge.

Same—Filing Supplemental Answer—Unreasonable Delay—Refusal not Error.
    2.  Where defendant in an action on an open account did not move for leave to file a supplemental answer for the purpose of setting up his discharge in bankruptcy, until twenty months after he had been adjudged a bankrupt and six months after his final discharge, and did not offer any excuse for the delay, refusal to grant the motion was not an abuse of discretion.

Same—"Reasonable Time."
    3.  A "reasonable time" within which to do an act is so much time as is necessary, under the circumstances, to do conveniently what the occasion requires.

Trial—Interest—Erroneous Allowance—Duty of Appellant to Ask Modification of Judgment.
    4.  Where the verdict was silent as to interest and the court erroneously included interest in the judgment, proper practice required appellant to apply to the trial court for modification of the judgment in that respect.

Appeal—When Successful Appellant not Entitled to Costs on Appeal.
    5.  Where all the relief accorded appellant could have been secured by him by application to the trial court, respondent will be awarded his costs on appeal the same as if the judgment had been affirmed.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by G. D. Pue against H. K. Bushnell.  Judgment for plaintiff and defendant appeals.  Remanded, with direction to modify the judgment, and affirmed, as modified.

---

    4.  Power of court to add interest to verdict of jury, see note in 10 Ann. Cas. 753.

*Mr. M. S. Galasso* and *Messrs. Freebourn & Downey,* for Appellant, submitted a brief; *Mr. Galasso* argued the cause orally.

*Messrs. Maury & Maury,* for Respondent, submitted a brief; *Mr. Reuben Maury* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On January 3, 1922, respondent commenced an action against appellant on an open account, and prayed for judgment for the amount stated and interest at eight per cent from December 20, 1921. On February 17, 1922, appellant joined issue by general denial. Nothing further was done until some time in December, 1923, when, it appears, the cause was set for trial. On December 28, 1923, appellant filed and served notice of motion and motion for leave to file a supplemental answer, tendering therewith his proposed answer, alleging that on April 7, 1922, he was duly adjudged a bankrupt, and on the eighteenth day of July, 1923, he was finally discharged from all debts and claims, including that of respondent. The motion was regularly heard, and by the court denied, and on January 14, 1924, the cause was tried on the complaint and original answer, resulting in a verdict for respondent for the full amount claimed but without mentioning interest. On this verdict the trial court entered judgment for the amount stated "with interest thereon at the rate of eight per cent from December 20, 1921, until paid." The appeal is from the judgment.

Appellant assigns error: (1) On the court's refusal of leave to file the supplemental answer; and (2) the entry of judgment "for more than is contained in the verdict."

Considerable space is devoted in counsel's briefs as to the effect of bankruptcy proceedings on an attachment; there is nothing in the record before us, however, even intimating that a writ of attachment was issued in this case, or that any

property of appellant was ever seized or held under attachment. This question, therefore, is not before us.

1. Appellant's motion for leave to file a supplemental answer [2] was supported by the affidavit of one of counsel in the cause who also appeared as attorney for appellant in the bankruptcy proceedings; yet there is nothing in this affidavit, nor in the record, attempting in any manner to explain or excuse the delay of more than twenty months after he was adjudged a bankrupt, and of more than six months after his final discharge, in moving for such leave. From the record we may be justified in assuming that those proceedings were instituted for the very purpose of preventing the trial and entry of judgment in this action, and, had counsel acted promptly, there would have been no question of his right to set up the matters in a supplemental answer, or that a denial of that right would have been an abuse of discretion.

Our statute provides that: "The plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint, answer, or reply, alleging facts material to the cause occurring after the former complaint, answer, or reply." (Sec. 9181, Rev. Codes 1921.) And, in the words of the supreme court of California: "It cannot be doubted that it is an abuse of discretion for a trial court to refuse leave to a defendant to set up by supplemental answer a bankruptcy discharge obtained subsequent to the commencement of the action, as a bar to any personal judgment, where proper application is made therefor within a reasonable time after obtaining such discharge." (*Jensen* v. *Dorr,* 159 Cal. 742, 116 Pac. 553.)

However, by the wording of the statute as well as under the authorities, including *Jensen* v. *Dorr,* supra, the filing of such a pleading is not a matter which the party may demand as of right, but one which may be granted in the discretion of the court. (*Alexander* v. *Clarkson,* 96 Kan. 174, 150 Pac. 576; *Pollmann* v. *Livingston,* 17 App. Div. 528, 45 N. Y. Supp. 704; *Harding* v. *Minear,* 54 Cal. 502; *Scoland* v. *Scoland,*

4 Wash. 118, 29 Pac. 930.) And, in order to entitle a party to favorable action, the motion must be made "within a reasonable time after the facts material to the cause" come to the knowledge of the moving party. (*Lincoln* v. *Sibeck,* 27 Cal. App. 61, 148 Pac. 967; *Balk* v. *Harris,* 130 N. C. 384, 41 S. E. 940; *Cahaba S. M. Co.* v. *Pratt,* 146 Ala. 245, 40 South. 943.)

In the case of *Lincoln* v. *Sibeck, supra,* the court said: "The record does not show any sufficient reason why the proposed supplemental answer had not been filed before the case was set down for trial, and it cannot be said that the court * * * abused its discretion in refusing to allow such answer at the time when presented."

What is a "reasonable time" in any given case, of course, [3] depends largely upon the facts and circumstances surrounding the motion. A logical and fair test is laid down in *Henderson* v. *Daniels,* 62 Mont. 373, 205 Pac. 967, to-wit: " 'Reasonable time' is defined to be so much time as is necessary, under the circumstances, to do conveniently what the contract or duty requires should be done in a particular case."

The motion for leave to file a supplemental pleading is analogous to a motion for leave to amend, and, while this court has not heretofore been called upon to pass on the question of reasonable time as to the former, it has commented on untimely application in the latter. Thus, in *Cullen* v. *Western Mortgage etc. Co.,* 47 Mont. 513, 134 Pac. 302, this court held that where "no showing whatever was made by the appellant in support of his application; no explanation or excuse was offered for the delay in making the same" and " * * * at the time the application was made the appellant's answer had been on file for something like four months and a half * * * " the court may not be said to have abused its discretion in denying the application for leave to amend. Here the delay was for a greater time, and the demand for prompt action more imperative than in the *Cullen Case.*

The discretionary power of the trial court can only be reviewed on appeal on a showing of its abuse or its exercise in violation of established rules. (*Mayger* v. *St. Louis M. & M. Co.*, 68 Mont. 492, 219 Pac. 1102; *Marcellus* v. *Wright*, 65 Mont. 580, 212 Pac. 299; *Miller* v. *Fraley*, 23 Ark. 735; *Harding* v. *Minear, supra; Union Pacific* v. *Andrews*, 41 Kan. 370, 21 Pac. 276.) No such showing was made in this case, and, therefore, no error was committed in denying the motion.

The entry of a personal judgment in the case, as tried, was proper.

2. The second assignment is that the court should not have [4] included interest in the judgment, on a verdict silent as to interest. This respondent conceded in open court.

The cause is therefore remanded, with direction to modify the judgment by striking out the words "together with interest thereon at the rate of eight per cent from December 20, 1921, until paid," and, as modified, the judgment will be affirmed.

It appearing that all the relief here accorded appellant could [5] have been readily secured by application to the trial court, respondent is awarded his costs on appeal, as on a full affirmance of the judgment.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY and STARK concur.

MR. JUSTICE GALEN, being absent on account of illness, takes no part in the foregoing decision.