[Civ. No. 5267. Second Appellate District, Division Two.—May 7, 1928.]

THE CONTINENTAL RUBBER WORKS (a Corporation), Respondent, v. BENJAMIN BERNSON, Appellant.

Paul F. Garber and Alfred Siemon for Appellant.

T. F. Allen and G. W. Hurley for Respondent.

HAZLETT, J., *pro tem.*—Plaintiff sued upon an open account for the reasonable value of certain automobile tires and accessories bought by defendant and his partner, Morris Berncovich. Plaintiff was given judgment against defendant Bernson for $564.83 as the reasonable value of the tires and accessories, and $182.50 interest thereon from July 31, 1920, to the time of judgment on March 23, 1925.

Defendant Bernson appeals, contending that the demand sued upon was wholly unliquidated and for that reason the allowance of interest accruing prior to judgment was erroneous, and for the additional reason that plaintiff did not allege and the court did not find that plaintiff made any demand for payment prior to the commencement of the action.

Appellant filed no reply brief.

It appears that the account covered deliveries of goods from time to time during a period of several months at values which were determined for the first time at the trial, and that the market values fluctuated six or seven times during the period covered by the deliveries. It does not appear that the market values or prices were well established. Defendant Bernson made payments from time to time upon the account during the course of the deliveries.

In his answer defendant Bernson denied having purchased or received the goods and denied that they were of the reasonable value alleged in the complaint.

The question arises whether interest should have been allowed for any period before judgment.

Section 3287 of the Civil Code provides that "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular

day, is entitled also to recover interest thereon from that day, . . . ''

This section has been held to apply to actions upon open accounts (*Robinson* v. *American Fish & Oyster Co.*, 17 Cal. App. 212, 220 [119 Pac. 388], *Niles Sand etc. Co.* v. *Muir*, 55 Cal. App. 539, 540 [203 Pac. 1009], *Hanlon Dry Dock etc. Co.* v. *McNear*, 70 Cal. App. 204, 222 [232 Pac. 1002], and *Williams* v. *Flinn & Treacy*, 61 Cal. App. 352, 357 [214 Pac. 1024]). Interest may be allowed as damages incidental to a debt. (*Conner* v. *Bank of Bakersfield*, 183 Cal. 199, 205 [190 Pac. 801].)

Plaintiff alleged the reasonable value of the goods and produced witnesses who testified to their market price and the court found that the reasonable value of the goods was $564.83. Bouvier in his Law Dictionary defines the term "value" when referring to property, as "the price which it will command in the market"; and "market value," as "a price established by public sales, or sales in the way of ordinary business, as merchandise," and the "price at which such articles are sold and purchased." The findings have support in the proof.

■ When damages are capable of ascertainment by calculation, or by reference to well-established market values, together with computation, interest is allowable from the time the damages fall due. (Sec. 3302, Civ. Code: *Cox* v. *McLaughlin*, 76 Cal. 60, 69 [9 Am. St. Rep. 164, 18 Pac. 100]; *Gray* v. *Bekins*, 186 Cal. 389, 399 [199 Pac. 767]; *Hine* v. *Uchida Trading Co.*, 55 Cal. App. 260, 263 [203 Pac. 1028]; *Niles Sand etc. Co.* v. *Muir, supra; California Bean Growers Assn.* v. *Rindge Land etc. Co.*, 199 Cal. 168 [47 A. L. R. 904, 248 Pac. 658].)

In general, interest is not allowable on unliquidated demands for any period prior to judgment. This applies in cases founded in *quantum meruit* and *quantum valebat*. The reason is that the person liable does not know what sum he owes until determined by the court upon the presentation of the evidence and, therefore, he can be in no default for not paying. (*Cox* v. *McLaughlin, supra; American-Hawaiian etc. Co.* v. *Butler*, 17 Cal. App. 764, 768 [121 Pac. 709]; *Hanlon Dry Dock etc. Co.* v. *McNear, supra*, at p. 221; *Williams* v. *Flinn & Treacy, supra; Curtin* v. *State*

*of California,* 61 Cal. App. 377, 392 [214 Pac. 1030]; *Edwards* v. *Arp,* 173 Cal. 472, 476 [160 Pac. 551].) "Interest has relation to an ascertained principal sum." (*Morris* v. *Standard Oil Co.,* 192 Cal. 343, 356 [30 A. L. R. 1103, 219 Pac. 998].)

However, in the case of *Gray* v. *Bekins, supra,* which was an action founded upon the reasonable value of labor and materials used in repairing a bridge, the court announced that "The general rule is that interest is allowable from the time the sum in suit becomes due if the same is certain or can be made certain by mere calculation, . . . (Civ. Code sec. 3302; *Fairchild* v. *Bay Point etc. R. R. Co.,* 22 Cal. App. 328 [134 Pac. 338].)" In the Gray case the answer was tantamount to an ascertainment of the balance found due and interest was allowed from the date of filing the answer.

In this case plaintiff's claim was an unliquidated demand founded upon the reasonable value of the goods. Although testimony was received to the effect that in the forepart of 1921 plaintiff caused to be delivered to defendant Bernson a statement of account showing as the balance claimed of him by plaintiff the sum of $564 and that payment thereof was requested, it was not alleged or shown that defendant Bernson knew the market value or price of the goods prior to the time when the court made the findings, or that the goods had a well-established market value of which he could have been charged with knowledge.

Appellant also contends that the provisions of section 1 of the Usury Law (Stats. 1919, Act 3757, Deering's General Laws), relating to interest on accounts, do not apply in this case for the reason that plaintiff did not allege nor did the court find that any demand for payment was made by plaintiff. Section 1 of the act provides that: "The rate of interest . . . on accounts after demand or judgments rendered in any court of this state, shall be seven dollars upon the one hundred dollars for one year . . ." Should we here attempt to solve the proposition whether the Usury Law modifies or changes in any respect the principles announced in the decisions referred to in this opinion and laid down in sections 3287 and 3302 of the Civil Code, relating to the time when interest commences to run on accounts, we would be going outside of the questions in-

volved in this appeal—no demand for payment having been pleaded or found.

Plaintiff is not entitled to interest prior to judgment.

The judgment is modified by striking therefrom the allowance of $182.50 interest, and as so modified is affirmed in the amount of $564.83.

Craig, Acting P. J., and Thompson, J., concurred.