*Decision will be entered under Rule 50.*

STANLEY PEDDER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29979. Promulgated June 2, 1930.

12

*Stanley Pedder, Esq.*, pro se.
*O. J. Tall, Esq.*, for the respondent.

OPINION.

MATTHEWS: The petitioner contends that the joint bank account was a joint tenancy; that the property purchased with funds drawn by him from such account is held in joint tenancy, even though title to the property was taken solely in his name; and that the income from such property is their joint income.

Respondent contends that the property in question is community property and that the income derived therefrom is taxable to the petitioner.

Under the presumption which arises by virtue of section 164 of the Civil Code of California, all property acquired after marriage by either husband or wife or both (except that acquired as separate property) is community property. This presumption can be overcome, however, by evidence which establishes that the property is held as joint tenants.

The essentials of a joint tenancy are unity of title, unity of interest, unity of time, and unity of possession. (33 Corpus Juris, 907.) Section 683 of the Civil Code of California defines a joint interest as one owned by several persons in equal shares by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy. This provision, in so far as it applies to personal property, was construed in *In re Harris' Estate*, 169 Cal. 725; 148 Pac. 967. It was there held that personal property may be held in joint tenancy and, in the absence of any code provision requiring the execution of a writing to transfer personal property, a joint tenancy may be created by an oral agreement by which title thereto is transferred to two persons as joint tenants. In the *Harris* case, the husband and wife in the early years of their marriage, had entered into an oral agreement that all property acquired by them after marriage would be held as joint tenants. The court held that the personal property acquired after marriage was held in joint tenancy under such agreement. In California, therefore, personal property may be held in joint tenancy when acquired under an oral agreement expressly declaring that such property will be held in joint tenancy.

There was no such agreement in this case, either as to the property from which the income in controversy was derived, or as to the

deposits in the joint account, but petitioner claims that as the origin of the funds which were used for the purchase of the property in question was funds held in joint tenancy, the joint tenant in whose name the property was taken was charged with a trust in favor of the other joint tenant, which trust was actually carried out and observed by turning back to the joint funds all income received from such investments and all of the proceeds of the investments disposed of.

Each party to a joint bank account subject to the check of either, whether such joint account is held in joint tenancy or not, has a right to check on such account and consequently to use the amount drawn in any way he chooses. The petitioner exercised his right to check on the account and to use the money as he saw fit by purchasing personal property and taking the title in his own name. Such property was in the petitioner's possession and he received the income from it. Not one of the unities which must exist in order to have a joint tenancy was present. The depositing of the income from such property in the joint account, and the crediting of one-half to his wife on his books, do not evidence the existence of such unities.

The petitioner has failed to show that the property in question was held as joint tenants. The income from the property is taxable to the husband. *United States* v. *Robbins*, 269 U. S. 315; *Lucas* v. *Earl*, 281 U. S. 111; and *Corliss* v. *Bowers*, 281 U. S. 376.

*Judgment will be entered for the respondent.*