[Civ. No. 922.   Fourth Appellate District.—October 11, 1932.]

D. U. YOUNG, Respondent, v. PURE ICE COMPANY (a Corporation), Appellant.

Utley & Nuffer for Appellant.

Harry W. Horton and Whitelaw & Whitelaw for Respondent.

BARNARD, P. J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in an action for damages for breach of a contract. The plaintiff alleged in his complaint that he entered into a contract with the defendant under which he was to haul all ice sold by the defendant in a certain territory during a certain season, also alleging his readiness, willingness and ability at all times to perform and that the defendant, without cause, violated the agreement and refused to permit him to do the work. In its answer the defendant denied each and every allegation of the complaint.

During the trial the court refused to permit the defendant to introduce evidence going to show that the plaintiff was not available for the work when wanted and tending to show that by his conduct he had given the defendant good cause for discontinuing his services. Evidence along this line was refused on the ground that such matters had not been pleaded as an affirmative defense. Thereupon, the defendant offered an amendment to its answer in which such matters were set up as a defense to the action. Permission to thus amend was refused. That these rulings of the court were erroneous is the main point raised on this appeal.

█ Were we of the opinion that the proposed amendment was necessary in order to permit the defense indicated, we would feel compelled to hold that the court abused its discretion in refusing permission to amend. As was said in *Williams* v. *Flinn & Treacy*, 61 Cal. App. 352 [214 Pac. 1024, 1026]:

"It is true that it is only in exceptional cases that the action of the trial court upon a matter of this kind will be disturbed upon appeal, but we think this is such an exceptional case. It is the aim and aspiration of our system of law and the policy of our courts to afford substantial justice to litigants and to that end liberal amendments are expressly permitted by our code, and encouraged by our courts. In a case like this one when a party has presented evidence such as would be sufficient upon which to base a finding in his favor as to his right to certain credits and this evidence is presented during the course of a comprehensive investigation into the facts and figures, and at a time when the rights of the opposing party can be fully protected by the allowance of a continuance to enable him to meet such proof if he so desires, we can see neither reason nor justice in refusing permission to amend to conform to the proof. Indeed, to allow the plaintiff to recover a large amount in an accounting suit which the evidence has disclosed is not due him, merely because through inadvertence or other excusable neglect the defendant failed to set out in his answer all the credits to which he was entitled, would be to settle a controversy without regard to the merits."

A similar rule should apply where, as here, the evidence offered so clearly goes to the merits of the controversy, and where the amendment asked for follows so closely the original pleadings.

█ However, we think no amendment was here necessary and that the proffered evidence was admissible under the existing pleadings. The defendant's manager, having testified that he had dispensed with the services of the plaintiff, was not permitted to testify as to what was the occasion therefor. Although a formal offer of proof was made, the defendant was not permitted to introduce evidence to the effect that the plaintiff was not available and could not be found at times when his services were wanted; that on certain occasions his services could not be secured;

that on a number of such occasions the defendant was forced to hire other people to do the work; and that on some of these occasions the plaintiff refused to come when notified that his services were required. Finally, the defendant was told that no evidence would be permitted which went to show the reasons why the services of the plaintiff were discontinued. By the allegations of the complaint and the answer, direct issues were raised as to whether the plaintiff had been ready, able and willing to perform his agreement and as to whether the refusal of the defendant to continue the employment had been without cause. The evidence sought to be introduced and formally offered went directly to these issues and its exclusion was error.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 1, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 8, 1932.