**KOREA DEEP SEA FISHERIES ASSOCIATION,**
**Plaintiff-Appellee**

**v.**

**HO PYO HONG d/b/a KOREANSA SHIPPING AGENCY,**
**Defendant-Appellant**

High Court of American Samoa
Appellate Division

AP No. 04-97

June 25, 1999

Before RICHMOND, Associate Justice, GOODWIN,* Acting Associate Justice, MUNSON,** Acting Associate Justice, SAGAPOLUTELE, Associate Judge, TAUANU'U, Temporary Associate Judge.

---

* Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
** Honorable Alex R. Munson, Chief Judge, District Court for the Commonwealth of the Northern Marianas Islands, serving by designation of the Secretary of the Interior.

Counsel: For Appellant, Charles V. Ala`ilima
For Appellee, Cherie Shelton Norman

OPINION

Per Curiam:

The only issue on appeal is whether the trial court erred in refusing to award prejudgment interest to the prevailing party after prolonged and complex litigation over disputed accounts. We affirm the trial court's judgment.

In 1992, Defendant-Appellant Ho Pyo Hong (d/b/a Koreansa Shipping Agency) ("Hong") was engaged in several businesses (*see Hong v. Samoa Sharkfin Trading Co. v. Hong*, 3 A.S.R.3d 37 (App. Div. 1999) including the business of provisioning fishing vessels. Korean Deep Sea Fishing Association ("KDSFA"), an association of fisherman with independently-owned fishing vessels, was ·one of Hong's major customers. This action arose out of KDSFA's allegation that it had extended cash advances to Hong, and that the advances had never been repaid; Hong alleged, in response, that he had supplied a substantial amount of inventory to KDSFA on credit, and was owed in excess of $1 million.

After a lengthy trial and evaluation of virtually incomprehensible business records, the trial division ruled in Hong's favor and eventually entered judgment in the amount of $1,339,344.06. Although Hong requested interest on the debt (6% for the period May 1992, the time of the transactions, to January 1997, the time of the judgment), the court denied his request for prejudgment interest. Hong appealed and KDSFA failed to file a brief.

 A trial court's factual determinations are reviewed for clear error. The reviewing court affords particular weight to the trial judge's assessment of conflicting and ambiguous facts, especially where the findings are based in part on the trial court's evaluation of conflicting evidence and live testimony. Questions of law or mixed questions of law and fact are reviewed de novo. *Roman Catholic Diocese of Samoa Page Page v. Avegalio,* 20 A.S.R. 2d 70, 73 (App. Div. 1992) (citing a variety of Ninth Circuit precedent in accord).

 Samoan law provides that interest, at a rate of six percent, "shall be presumed on all overdue debts."[1] The statute raises two questions in this

---

[1] The Samoan anti-usury statute provides, in pertinent part:
> Except as provided in this title, no person may charge more than 15 percent a year as interest on a debt or obligation, and no

case: (1) whether the presumption is conclusive or rebuttable; and (2) when the debt in this case became "overdue." The trial division, after finding as a fact that much of the delay and difficulty in liquidating, the amount of the debt was of Hong's own confection, denied prejudgment interest on the debt. In so doing, the court noted that the accounting records and other evidence presented by Hong at trial constituted a "time consuming haystack" for the court, and implied that judgment would have been rendered sooner if Hong had presented the court with a more straightforward accounting of his business dealings. Specifically, the court said that "much about what he brought on himself was through his own doing . . ." and that Hong "did not exactly have clean hands in the whole thing . . . ." [Trans. at 9] Essentially, the court relied upon equitable principles to overcome the statutory presumption in favor of prejudgment interest.

Hong has not directed our attention to any case law on point, Samoan or otherwise, and KDSFA declined to submit a brief in this matter. The trial court was guided by the fact that several years had been consumed in litigation, much of which would not have been necessary if Hong had kept regular books and records.

■ The court, pursuant to the statute, could have awarded interest on the debt owed to Hong, but on the facts of this case clearly was not compelled to do so. The amount of the debt was uncertain, and the exact time at which it could be said to have been "overdue" was uncertain prior to the judgment of the court. The statutory presumption was rebuttable, and the court found ample facts to rebut it.

Many U.S. jurisdictions have drawn a distinction between liquidated and unliquidated damages, and adopted a rule prohibiting the award of prejudgment interest where the amount of the debt is unknown, and not readily determinable, prior to the entry of judgment. *See Traditional Rule Against Allowance of Interest,* 22 AM. JUR. 2D Damages § 654 (1988); *see, e.g., Cox v. McLaughlin,* 18 P. 100, 103 (Cal. 1888) ("It may be stated as a general principal that interest is not allowed on unliquidated damages."). The underlying rationale, in these jurisdictions, is that a debtor should not be expected to pay interest on a debt while the amount and nature of the debt are unknown. *See, e.g., Continental Rubber Works v. Bernson,* 267 P. 553, 554 (Cal. Ct. App. 1928); *see also* Comment, *Prejudgment Interest: Survey and Suggestion,* 77 Nw. U. L.

---

agreement to pay a rate of interest higher than 6 percent a year shall be enforceable unless the same is in writing and is signed by the party to be charged. The rate of interest when there is no written agreement with respect thereto shall be 6 percent a year, and interest shall be presumed on overdue debts.

A.S.C.A. § 28.1501(a) (1992).

Rev. 192, 204-213 (April 1982) (observing that although· many U.S. jurisdictions have retained the traditional approach to prejudgment interest, the majority have rejected the traditional approach in favor of vesting discretion in judge or jury).

 This case is an appropriate one in which to treat the presumption favoring interest as overcome by the facts. The amount of the debt was uncertain prior to the entry of judgment, and the creditor seeking interest was largely responsible for the uncertainty and the delay in the resolution of the case.

AFFIRMED.