HARVEY, respondent, *v.* WHITLATCH, appellant.

AFFIRMANCE OF JUDGMENT IS VOID WITHOUT LEGAL APPEAL.   The affirmance of a judgment by this court is void for want of jurisdiction, if the plaintiff obtains the same by mistake or fraud, and perfects the appeal without the knowledge of the defendant, who had abandoned his appeal after filing the notice and undertaking therefor in the court below.

JUDGMENT VACATED ON MOTION.   A void judgment can be set aside by this court upon a motion made at a term subsequent to that in which it has been entered.

THIS case is reported in 1 Mon. 713.   The appellants filed a motion to set aside the judgment of this court, rendered at the January term, 1873.   The respondent moved to strike the cause from the docket.

CHUMASERO & CHADWICK and TOOLE & TOOLE, for appellants.

After appellants abandoned their appeal, respondent could not file the transcript, and thereby give this court jurisdiction.   A

judgment so obtained against appellants can be controlled by this court. *Rowland* v. *Kreyenhagen,* 24 Cal. 57.

Respondent could procure the certificate provided for in the second and third rules of this court, and have the appeal dismissed. Civ. Pr. Act, § 379.

Appellants had the right to abandon their appeal, and thereby relieve their sureties on their undertaking.

SHOBER & LOWRY, for the respondent.

WADE, C. J. This is a motion to vacate a judgment of this court rendered at the January term thereof, 1873.

The following facts appear in the case. At the July term, 1871, of the district court for the third district, there was a trial, verdict for plaintiff, and an order for judgment on the verdict. The defendant gave notice of appeal to the supreme court, and filed an undertaking therefor in pursuance of the statute, and procured a transcript of the case, and caused it to be filed with the clerk of this court. It was then discovered that the judgment below had not been entered by the clerk in pursuance of the order for judgment and the appeal was dismissed. At a subsequent term of the district court, on motion by the plaintiff, judgment was entered *nunc pro tunc.* After the entry of this judgment it further appears, that the plaintiff, by his attorney, and without the knowledge of the defendants, procured a transcript of the case or such parts thereof as suited his purpose, and caused the same to be filed in this court.

The case was called for hearing in the last days of the January term, 1873, and after the departure from the court of the attorneys for defendants, who tried the case below. The court refusing to hear the case in the absence of defendants' attorneys, and without notice to them, a telegram was produced from an attorney in the third district saying that the defendants did not wish to appear and be heard in the case. Whereupon the judgment below was affirmed, whereby the liability of the sureties upon the undertaking for appeal became fixed.

The defendants now move the court to vacate the judgment, upon the ground that, after giving the notice and undertaking for

appeal, and after the entry of the judgment *nunc pro tunc*, they, acting under the advice of their counsel, abandoned the appeal, and for this reason did not apply for or obtain a transcript of the case after the entry of the judgment below; that the attorney who assumed to represent them by the telegram was never an attorney in the case, and had no authority whatever to act in any capacity in the premises, and that they had no knowledge that a transcript had been procured by the plaintiffs.

The grounds for this motion are amply supported by the affi-davits of the defendants and their attorneys, and not being controverted by the plaintiff, are undoubtedly true.

Under this state of facts we must say that in procuring the judgment here the court was imposed upon either designedly or by mistake, for no judgment could have been had, and the case could not have been heard even, except for the telegram saying the defendants did not wish to appear, which telegram was unauthorized, and unknown to defendants. If the imposition was designed and was perpetrated by an attorney of this court, it would be such an offense as would disbar and disgrace him, but if occurring by accident, mistake or ignorance, however humiliating to the party, no blame would attach.

In order to give this court jurisdiction to hear a case on appeal, the appeal must be perfected in the mode and manner prescribed by the statute. It certainly is not a compliance with the statute for the plaintiff, after notice and undertaking for appeal by the defendant, and after an abandonment of the appeal by him, secretly and slily to procure a transcript without the knowledge of the defendant, thereby perfecting the appeal, and then, in the absence of the defendant or his attorneys, and with no notice to him or them, by fraud or mistake, procure an affirmance of the judgment, for the purpose of bringing a suit therefor against the sureties upon the defendants' undertaking for appeal.

An appeal taken in this manner, and a judgment obtained by these means, and for this purpose, cannot be maintained. It is simply void. It stands in precisely the same situation and is of the same validity, as if the judgment below had been obtained against the defendants, without any summons or notice to them of

the pendency of the suit, which judgment thus obtained would be of no validity anywhere.

We do not doubt that, by a rule of court, after notice and undertaking for appeal by the defendant, and a failure by him to cause a transcript to be filed in this court, the plaintiff, upon proper notice to the defendant, could cause a transcript to be filed here, and could cause the case to be heard by this court, but before such hearing the defendant must have notice thereof, and an opportunity to examine the transcript to see that it presents the whole case, and that nothing material to him has been omitted. But in the absence of such notice the judgment obtained would be of no more validity than a judgment below without summons or notice to the defendant.

The case at bar illustrates the danger of hearing a case here upon a transcript, which the defendant has not seen, and which he has had no opportunity to see. The transcript does not purport to be entire and complete. It is apparent therefrom that it does not contain the entire record of the case. Being procured by the plaintiff for his own purposes, it evidently contains only such matters as present his side of the case; or, at least, never having been examined by the defendants, this state of things might exist, and for all that does appear, portions of the transcript, vital to the rights of the defendants, may have been omitted, and, judging from the manner in which the transcript was obtained, this is very likely true.

We, therefore, hold that the judgment thus obtained is void; not voidable only, but absolutely void, and the only remaining question relates to the authority of this court at a subsequent term to vacate and set aside a void judgment, upon motion.

As a general rule, a judgment imports absolute verity, and cannot be impeached or called in question until reversed by writ of error, bill of review or other suit for that purpose. There is a leading distinction between judgments and decrees merely void and such as are voidable only. The former are binding nowhere, the latter everywhere, until reversed by a superior authority. In the case of a void judgment, the more modern authorities hold that the court in which the same was rendered may, at any subsequent term thereof, set aside and vacate the judgment upon

motion, and especially so in cases where the rights of no third persons have intervened, as in the case under consideration.

The circuit court may set aside a judgment of a former term, rendered on default of a defendant who had no notice of the action; such judgment being merely void, the court has power summarily to declare it to be inoperative, and to stop all proceedings under it. *Harris* v. *Hardeman*, 14 How. (U. S.) 334.

In the case at bar, the defendants having no notice of the hearing in this court and no notice that a transcript therein had been filed, stand in the same relation to the judgment as if the same had been rendered against them below, without notice and by default, and is, therefore, controlled by the same considerations as the case of *Harris* v. *Hardeman*.

Where no process is served on a defendant, and an attorney enters an appearance for him, without authority (as in the present case), the court rendering such judgment. may set it aside at a subsequent term. In such a case, the remedy at law being adequate, a court of equity will not interfere. *Abernathy* v. *Latimore*, 19 Ohio, 286.

A judgment irregularly entered may be set aside at a subsequent term, on motion. *Hunt* v. *Yeatman*, 3 Ohio, 15.

Many other authorities might be cited to support the proposition that a void judgment may be set aside and vacated by the court that rendered the same, on motion, at a subsequent term.

Therefore, the judgment herein is declared a nullity, and the same vacated and set aside, and the cause stricken from the docket, at the costs of plaintiffs for this appeal, and the remittitur heretofore issued herein is vacated.

*Judgment vacated.*