NORTHERN PACIFIC RY. Co., Appellant, *v.* HAUS-
WIRTH, Respondent.

(No. 3,371.)

(Submitted March 24, 1914.  Decided April 16, 1914.)

[140 Pac. 516.]

*Appeal and Error—Equity Cases—Defective Record—Rules of Supreme Court—Exhibits—Maps and Charts—Quieting Title —Complaint—Insufficiency.*

Appeal and Error—Equity Cases—Defective Record—Dismissal.
    1.  Appellant in an Equity Case who disregards the requirement of subdivision 3 of Rule VII of the supreme court, to the effect that, where questions of fact arising upon the evidence presented in the record are submitted for review, the testimony must appear by question and answer, instead of in narrative form, is not entitled to have the appeal determined on the merits.

Same—Record—Exhibits—Maps and Charts.
    2.  Where maps and charts were used in the trial of an action to quiet title to a portion of plaintiff railway company's right of way frequent reference to which was made by the witnesses in their testimony, the

finding of the trial court *held* conclusive in the absence of these exhibits from the record.

Quieting Title—Complaint—Insufficiency.

3.  Complaint in an action by a railway company to quiet title to land claimed by it as part of its right of way, *held* insufficient to state a cause of action under section 6870, Revised Codes, for failure of an allegation that defendant asserted a claim to any portion of the right of way, adverse to plaintiff.

*Appeal from District Court, Missoula County; F. C. Webster, Judge.*

ACTION by the Northern Pacific Railway Company against A. Hauswirth. From a judgment for defendant, plaintiff appeals. Affirmed.

*Messrs. Gunn, Rasch & Hall,* for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

*Mr. Elmer E. Hershey,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by the plaintiff to recover of the defendant damages for unlawfully interfering with its agents and servants while engaged in construction work upon the portion of its right of way which lies within and across the west half of the northwest quarter of section 17, township 11 north, range 15, west of the Montana principal meridian, in Missoula county, and also to obtain relief by way of injunction to prevent like conduct by the defendant in the future, which, it is alleged, he threatens to continue.

On March 11, 1903, the plaintiff, being the owner of section 17 as successor of the Northern Pacific Railroad Company, by virtue of the grant to the latter by the federal government to aid in the construction of its road and telegraph line, and having elected to avail itself of the provisions of the Act of Congress (30 Stats. at Large, p. 597), relinquished it to the United States. The reason for this election was that, prior to the

official survey of the public lands in that locality, one Jacob S. Marsellis had made a homestead settlement which included the west half of the northwest quarter of the section, and desired to secure patent therefor. In its relinquishment the plaintiff expressly reserved a right of way 200 feet in width on either side of its main line, "as the same is now constructed and operated on, or over or across said described premises." On August 26, 1904, Marsellis secured patent, and on May 11, 1908, conveyed to Sylvia May Hauswirth, the wife of the defendant, the deed, expressly excepting the right of way of plaintiff. When this controversy arose, the plaintiff's engineers and employees were engaged in double-tracking that portion of the line extending from Garrison to Missoula, and otherwise improving the track conditions by straightening curves, reducing grades, *etc.* To accomplish this, it became necessary to shift the line in places from one portion of the right of way to another. The plaintiff's fence, extending along the north side of its track, had theretofore stood at a distance of fifty feet from it. On March 10, 1909, the plaintiff's employees, desiring to borrow material from the right of way on that side, and presuming that it extended to the full width of 200 feet from the center of the main track, were proceeding to move the fence 150 feet farther toward the north, when they were stopped by the defendant. Thereupon this action was brought.

After deraigning the plaintiff's title and stating the character of the work being done, the complaint alleges: "That on or about March 10, 1909, and when a portion of the men so employed by this plaintiff were about to enter upon a portion of the right of way of this plaintiff, situated in the west one-half of the northwest one-quarter of section seventeen (17) above referred to, the same being a portion of the right of way so reserved by this plaintiff across said premises as hereinabove described, for the purpose of carrying on said work of construction and line change, and in the preliminary stages thereof, the defendant, with force and arms, entered upon said lands, and prevented the said servants and employees of this plaintiff

from entering thereon and performing said contemplated work, and threatened to inflict bodily injury upon them if they attempted so to do and persisted therein, and now threatens to inflict such bodily injury if said servants and employees should at any subsequent time attempt to enter upon said lands and prosecute such work; and that by his said actions and conduct the said defendant has prevented this plaintiff from carrying on the said work above referred to, and will, unless enjoined by this court, forever prevent this plaintiff from completing said work, and thereby cause great and irreparable damage to this plaintiff; and that, for the reasons aforesaid, the plaintiff has no plain, speedy, adequate, or complete remedy at law, and irreparable injury would result from the delay of giving notice of this application for restraining order. Plaintiff further alleges that, by and because of the interferences of defendant as aforesaid, it has been damaged in the sum of five hundred dollars.''

Upon the filing of the complaint, supported by affidavits, the court granted a temporary injunction. The defendant answered, putting in issue the right of plaintiff to any portion of the land north of the fence. The parties waived a trial by jury. The court having heard the evidence, denied plaintiff's motion for findings and judgment in its favor, dismissed the action, and awarded defendant judgment for his costs. The plaintiff has appealed.

Counsel for plaintiff have submitted the case to this court upon the theory that it is an action, under section 6870 of the Revised Codes, to determine an adverse claim by the defendant. They contend that the evidence clearly and indisputably establishes the fact that it reserved its right of way to the full extent of 200 feet on either side of its main track, as it was located and operated at the time of the relinquishment, and thus put beyond controversy its title and right to the possession of it. Hence there is no justification in the evidence, they say, for a finding for the defendant. This would be a correct statement of the situation, did the evidence as presented

in the bill of exceptions disclose with any degree of certainty, the location of the reserved strip through the Hauswirth land. The reservation made at the time of the relinquishment was not of a right of way generally over any portion of section 17 in controversy, but by its terms it limited plaintiff's right to the use of a strip 200 feet in width on either side of its main line, as it was then constructed and operated. In order for the plaintiff to obtain any relief, the burden was upon it to show that it was being prevented by defendant from using some portion of the strip thus reserved. As a part of its case, it was incumbent upon it to locate definitely the position of the main line of its road at the date of the relinquishment. The condition of the evidence is such that it cannot be determined from it whether the defendant unlawfully and wantonly interfered with plaintiff's agents and their operations, or whether he was within his rights in preventing a trespass upon his wife's land. In the first place the body of the evidence is in narrative form. [1] This is particularly true of all that portion of it which was introduced for the purpose of locating the main line of track as constructed on March 11, 1903. Because of this omission to observe the rule applicable to such cases, the plaintiff is not entitled to have a determination of the appeal on the merits. (Rule VII, subd. 3, 44 Mont. xxx, 123 Pac. xi; *Gilmore* v. *Ostronich,* 48 Mont. 305, 137 Pac. 378.) Passing by the omission to observe the rule, it appears, in the second place [2] that, since the location of the main line of track as it was originally constructed, it has twice been shifted farther toward the north. In describing these changes, the witnesses referred to maps and charts, indicating the location of the line at different times by the use of the words "here," "there," *etc.* For illustration: The principal witness testified in this connection as follows: "There have been two changes made in that main line; that is all I know of. That is, this old line and the present new one, excepting here coming this way. There would be two changes—three lines. The first line would be the old grade. The second line was run in 1901–02, and the

third was run in 1908–09." The maps and charts do not accompany the record. Without the aid of them we cannot understand the purport of these and similar statements made by other witnesses. We therefore cannot undertake to say that the trial court did not assign to them their proper force and significance. (*Pope* v. *Alexander*, 36 Mont. 82, 92 Pac. 203, 565.) For this reason we must, of necessity, accept the finding of the trial court as conclusive, whether we adopt the theory of the case as we have stated it or the theory of counsel for the plaintiff. Again, if we accept the theory of counsel that the action [3] is one to quiet plaintiff's title under section 6870 of the Revised Codes, we reach the same result. The complaint does not allege that the defendant asserts a claim to any portion of the right of way adverse to the plaintiff. Hence it does not state a cause of action.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.