HAMILTON, APPELLANT, *v.* BOARD OF COUNTY COMMIS-
SIONERS, RESPONDENT.

(No. 4,134.)

(Submitted December 5, 1917.   Decided December 24, 1917.)

[169 Pac. 729.]

*Injunction—Schools—County High Schools—Bonds—Taxation
—Constitution—Statutes—Partial Invalidity—Effect.*

County Bond—What Constitutes.
  1.   A county bond is one issued by the county to the payment of which the full faith and credit of the entire county are pledged; hence one which imposes an obligation upon a district less than an entire county is not a county bond.

Same—Taxation—Uniformity—County High Schools—Statutes—Constitution.
  2.   *Held,* that bonds authorized for county high school purposes by Chapter 167, Laws of 1917, are county bonds as defined above, and that therefore the provision of section 2109 thereof making taxable, for interest and redemption purposes, only property in the county outside the limits of those districts in which a district high school is maintained, is void under section 11, Article XII, of the Constitution.

Same—Statutes—Partial Invalidity—Rule.
  3.   Where, after eliminating a portion of an Act which is invalid, the remainder is complete in itself and capable of being executed in accordance with the apparent legislative intent, and the approval of the invalid portion was not an inducement to the enactment of those remaining, the statute thus remaining must be upheld.

  [As to rules for the construction of statutes, see note in 12 Am. St. Rep. 826.]

Same—County High Schools—Partial Invalidity of Act—Effect.
  4.   *Held,* under the above rule, that Chapter 167, Laws of 1917, after rejecting the clause mentioned in paragraph 2 above as invalid, pre-

sents a complete valid and workable Act for the financing of district
high schools.

Statutes—Void Statute not a Law.

5.   A void statute is not a law, imposes no duty, confers no authority,
affords no protection, and no one is bound to observe it.

*Appeal from District Court, Fergus County; H. Leonard De
Kalb, Judge.*

SUIT by Robert E. Hamilton to enjoin the Board of County
Commissioners of Fergus County from delivering certain bonds.
From a judgment dismissing the complaint and dissolving the
temporary injunction, plaintiff appeals.   Affirmed.

*Messrs. Blackford & Huntoon* and *Mr. Frank A. Wright,* for
Appellant, submitted a brief; *Mr. W. M. Blackford* argued the
cause orally.

*Mr. Stewart McConochie, Mr. Ralph J. Anderson, Mr. Merle
C. Groene* and *Mr. Rudolf von Topel,* for Respondent, submitted
a brief; *Mr. Anderson* argued the cause orally.

It is only the last paragraph of the Act of 1917 that is in
violation of the provisions of the Constitution, and if this para-
graph were stricken from the law, the Act of 1917 would still
remain a law that could be used and would be complete and
workable in every respect.   We submit that this paragraph is
therefore capable of separation from the rest of the Act, and
that the remaining portion is a valid and existing law.   (*North-
western Mut. L. Ins. Co.* v. *Lewis & Clarke County,* 28 Mont.
484, 497, 98 Am. St. Rep. 572, 72 Pac. 982; *Hill* v. *Rae,* 52 Mont.
378, 389, 158 Pac. 826; *State* v. *Cudahy Packing Co.,* 33 Mont.
179, 114 Am. St. Rep. 804, 8 Ann. Cas. 717, 82 Pac. 833; *Dunn*
v. *City of Great Falls,* 13 Mont. 58, 31 Pac. 1017; *State* v. *Aetna
Banking etc. Co.,* 34 Mont. 379, 87 Pac. 268; *State* v. *Stewart,*
53 Mont. 18, 161 Pac. 309; *In re Gerino,* 143 Cal. 412, 66 L. R. A.
249, 77 Pac. 166; *Ballentine* v. *Willey,* 3 Idaho, 496, 95 Am. St.
Rep. 17, 31 Pac. 994; *State* v. *Candland,* 36 Utah, 406, 140 Am.
St. Rep. 834, 24 L. R. A. (N. S.) 1260, 104 Pac. 285; *Common-*

*wealth* v. *Anselvich,* 186 Mass. 376, 104 Am. St. Rep. 590, 71 N. E. 790.)   The separability of the 1917 Act seems to be the only point at issue in the case.   A part of a section of a statute may be held unconstitutional, as sections of laws are often artificial.   (*Loeb* v. *Columbia Tp. Trustees,* 179 U. S. 472, 45 L. Ed. 280, 21 Sup. Ct. Rep. 174; *Berea College* v. *Kentucky,* 211 U. S. 45, 53 L. Ed. 81, 29 Sup. Ct. Rep. 33; *Chicago B. & Q. R. Co.* v. *Jones,* 149 Ill. 361, 41 Am. St. Rep. 278, 24 L. R. A. 141, 37 N. E. 247; *Nathan* v. *Spokane Co,* 35 Wash. 26, 102 Am. St. Rep. 888, 65 L. R. A. 336, 76 Pac. 521.)

If the Act of 1917 is unconstitutional and invalid in its entirety, the present high school bond issue before the court is nevertheless valid.   Where a law is passed as amendatory of existing law or as a substitute for an existing law but repealing the existing law, the repealing clause fails with the other provisions of the Act.   (*People* v. *De Blaay,* 137 Mich. 402, 4 Ann. Cas. 919, 100 N. W. 598.)   The law of 1917 contains a general repealing clause, and repeals only such laws as are in conflict therewith.   It is a rule to which there is no exception that when an Act containing only a general repealing clause fails by reason of being unconstitutional, the repealing clause also fails, because it is no law, and therefore it is in conflict with no other law.   (36 Cyc. 1098; *Ex parte Clary,* 149 Cal. 732, 87 Pac. 580; *Orange County* v. *Harris,* 97 Cal. 600, 32 Pac. 594; *People* v. *Fleming,* 7 Colo. 230, 3 Pac. 70; *Pitkin County* v. *Aspen First Nat. Bank,* 6 Colo. App. 423, 40 Pac. 894; *Board of Education* v. *Hunter* (Utah), 159 Pac. 1019; *Santa Cruz R. P. Co.* v. *Lyons,* 133 Cal. 114, 65 Pac. 329; *In re Rafferty,* 1 Wash. 382, 25 Pac. 465.)

An unconstitutional law is no law, confers no authority upon anyone, affords no protection and may be disregarded with safety.   (*Threadgill* v. *Cross,* 26 Okl. 403, 138 Am. St. Rep. 964, 109 Pac. 558; *State* v. *Candland,* 36 Utah, 406, 140 Am. St. Rep. 834, 24 L. R. A. (n. s.) 1260, 104 Pac. 285; *State ex rel. Stevenson* v. *Tufly,* 20 Nev. 427, 19 Am. St. Rep. 374, 22 Pac. 1054; *Felix* v. *Board of County Commrs.,* 62 Kan. 832, 84

Am. St. Rep. 424, 62 Pac. 667; *Little R. & Ft. S. Ry.* v. *Worthen,* 120 U. S. 97, 30 L. Ed. 588, 7 Sup. Ct. Rep. 469; *Bennett* v. *Vallier,* 136 Wis. 193, 128 Am. St. Rep. 1061, 17 L. R. A. (n. s.) 486, 116 N. W. 883; *Norton* v. *Shelby Co.,* 118 U. S. 425, 30 L. Ed. 178, 6 Sup. Ct. Rep. 1121.)

The courts make a distinction in determining whether or not laws which are unconstitutional in part are capable of separation depending upon what is the primary object or purpose of the law. They are more liberal in deciding that revenue laws are capable of separation than many other classes of laws. (36 Cyc. 982; *Nathan* v. *Spokane County,* 35 Wash. 26, 102 Am. St. Rep. 888, 65 L. R. A. 336, 76 Pac. 521; *Little R. & Ft. S. Ry.* v. *Worthen, supra; State* v. *West Duluth Electric Co.,* 76 Minn. 96, 57 L. R. A. 63, 78 N. W. 1032; *State* v. *Fleming,* 70 Neb. 523, 97 N. W. 1063; *Northwestern Mut. L. Ins. Co.* v. *Lewis & Clarke County,* 28 Mont. 484, 98 Am. St. Rep. 572, 72 Pac. 982; *Pump* v. *Lucas County Commrs.,* 69 Ohio St. 448, 69 N. E. 666; *Peacock & Co.* v. *Pratt,* 121 Fed. 772, 58 C. C. A. 48.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1889 a county high school was established in Fergus county and located at Lewistown. Subsequently each of eleven school districts outside the Lewistown district instituted a high school course in its district school, and has since maintained what is denominated a district high school. Early in 1917 the trustees of the county high school requested the board of county commissioners to call an election, and to submit the question whether bonds in the sum of $100,000 should be issued to provide funds necessary to erect an addition to the county high school building. The election was held on April 28; the bonds were authorized and subsequently sold, but before they were delivered this suit was instituted to enjoin their delivery. From a judgment dismissing the complaint and from an order dissolving a temporary injunction, plaintiff appealed. It is the

contention of appellant that the county commissioners proceeded contrary to law in submitting the bond question.

Chapter 167, Laws of 1917, provides among other things: "The question of the issuance of such bonds shall be submitted to the electors only who reside outside of such district or districts maintaining high schools." If this is a valid statute, the board ignored the law in submitting the question to the qualified electors of the entire county, instead of limiting it to those only who resided outside the eleven districts in each of which there is a district high school.

In 1913 the legislature enacted a complete code of laws "for the establishment and maintenance of a general, uniform, and thorough system of public free schools" in this state. (Chap. 76, Laws 1913.) Among other things it provided for elementary schools and for county high schools. By section 2109 of the School Code, a county in which a county high school has been established is authorized to issue county bonds to provide funds to purchase or construct necessary buildings for such county high school. By Chapter 167 above, this section 2109 was amended so as to give it a somewhat broader application, but otherwise the provisions of the original section and the amended section are substantially the same.

The determination of this controversy depends primarily upon the answer to the inquiry, Are the bonds authorized by the election held April 28 county bonds which evidence an indebtedness or liability of the entire county? If they are county bonds, then the question whether they should be issued must have been submitted to the qualified electors of the entire county, for the purpose for which they were to be issued is a single purpose within the meaning of that term as employed in the Constitution. Section 5, Article XIII, of the Constitution, reads as follows: "No county shall incur any indebtedness or liability for any single purpose to an amount exceeding ten thousand dollars ($10,000) without the approval of a majority of the electors thereof, voting at an election to be provided by law." This language is susceptible of but one meaning. It requires

the approval of a majority of the electors of the entire county who vote at the election to authorize an issue of county bonds in an amount exceeding $10,000 for any single purpose. A [1, 2] county bond is one issued by the county, and to the payment of which the full faith and credit of the entire county are pledged. The correctness of this definition was recognized in *Edwards* v. *Lewis and Clark County,* 53 Mont. 359, 165 Pac. 297. A bond which imposes an obligation upon a district less than an entire county cannot be denominated a county bond in any proper sense of the term.

If these bonds are not county bonds, then the legislators failed to express their intention and failed to make any valid provision for their payment.

(a) Throughout the School Code wherever county high school bonds are mentioned, they are referred to as county bonds. For instance, by section 2109, and by the same section as amended, the question to be submitted is whether *"county bonds"* shall be issued. Section 2110 of the same Code, referring to bonds issued for county high school purposes, provides: "Said bonds shall be paid, principal and interest, in the manner provided for the payment of other county bonds."

(b) The only provision for the payment of county high school bonds is found in paragraph 2 of section 2109 of the School Code, and in the corresponding paragraph of the same section as amended by Chapter 167 above. The county commissioners are commanded to levy a tax each year "upon the taxable property in the county for the interest and redemption of said bonds"; that is to say, they must provide by taxation for the payment of the interest each year, and ultimately they must provide by the same means for a sinking fund to discharge the principal at maturity. If the statute concluded with this paragraph, it would not be open to the criticism made upon it; but paragraph 3 of the original section, and the corresponding paragraph in the same section in its amended form, provides: "The limitations on the indebtedness to be created by the issuance of bonds in such cases, and the method of levy, assessment and

collection of taxes for the payment of bonds so issued, herein-
above set forth, shall apply only to so much of the said county
as shall not be included in the school district or school districts
which shall continue to maintain district high schools as herein
provided." As applied to the facts of this particular case,
that paragraph would read as follows: The county commis-
sioners shall annually levy a tax for the interest and redemp-
tion of said bonds only upon the taxable property in the county
outside the limits of the eleven districts, in each of which a dis-
trict high school is maintained.

It is conceded by both parties to this litigation that this
provision is unconstitutional. Section 11, Article XII, of the
state Constitution, provides: "Taxes shall be levied and collected
by general laws and for public purposes only. They shall be
uniform upon the same class of subjects within the territorial
limits of the authority levying the tax." The territorial limits
of the authority of the board of county commissioners are co-
extensive with the territorial limits of the county itself, and
any tax levied by that board must be uniform upon the same
class of subjects throughout the county. In so far as the statute
directs that the tax be levied upon property in a portion of the
county only, it is invalid.

We cannot assume that it was the intention of the legislature
to provide for the issuance of county high school bonds and at
the same time make no provision for their payment. Section
8, Article XII, of the Constitution, declares that private prop-
erty shall not be taken or sold for the corporate debts of a public
corporation, but the legislature shall provide by law for the
payment thereof by taxation of all private property, not exempt,
within the limits of the territory over which such corporation
has authority. Every consideration leads to the conclusion
that these bonds are county bonds evidencing an indebtedness
and liability of the entire county, to the payment of which
the full faith and credit of the county as a unit are pledged;
that paragraph 2 of section 2109 was intended to provide ade-
quate means for their payment, and that the provisions in

paragraph 3 of the section quoted above are unconstitutional and void.

Paragraph 3 cannot be reconciled with other provisions of the School Code. For instance, section 2104 provides: "All eligible pupils in the county are entitled to attend the county high school, and it shall be the duty of the board to provide accommodations for such pupils." In other words, any eligible pupil in any one of the eleven districts which maintains a district high school is entitled to attend the county high school, and the trustees are required to provide accommodations for such as do attend; but if paragraph 3 of section 2109 and section 2112 be upheld, the property in those eleven districts is entirely exempt from taxation to provide the accommodations at the county high school, or defray the expense of maintaining such school. Furthermore, the provisions of section 2112 are contradictory of the provisions of paragraph 3. As already observed, paragraph 3 seeks to exempt from taxation for county high school bonding purposes all property of the district which maintains a district high school; whereas section 2112 provides: "When such district high school has been fully established as an accredited high school, such district shall thereafter be exempt from further levy by the county high school board, except for bonded indebtedness for free county high school purposes."

Is it possible, then, to eliminate the invalid provisions from [3] paragraph 3 without destroying the entire statute? The rule applicable in such cases is stated in *Dunn* v. *City of Great Falls,* 13 Mont. 58, 31 Pac. 1017, as follows: "If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained." (*Hill* v. *Rae,* 52 Mont. 378, L. R. A. 1917A, 495, 158 Pac. 826; *State ex rel. Evans* v. *Stewart,* 53 Mont. 18, 161 Pac. 309.)

There cannot be any difficulty experienced in executing the [4] remaining portion of the statute with these objectionable provisions eliminated. The enactment will still be complete in

itself, and the rejection of the invalid portion will not necessarily destroy the plan for district high schools. It does not appear to us that the several portions of the Act are so closely related that one would not have been enacted without the others, or that the approval of the invalid portions was an inducement to the enactment of the others. Our conclusion is that the unconstitutional portions of paragraph 3 may be disregarded entirely without impairing the remaining provisions of the statute.

There is not any merit in the contention that the commissioners should have proceeded under paragraph 3 of section 2109 even though it is unconstitutional. An unconstitutional statute [5] is void, and a void thing is as nothing. A void statute is not a law. It imposes no duty, confers no authority, affords no protection, and no one is bound to observe it. In contemplation of law it is as inoperative as though it had never been passed. The county commissioners properly disregarded the provisions of paragraph 3 and proceeded under paragraph 2 of section 2109 as amended.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

