## In re FORT SHAW IRRIGATION DISTRICT.

(No. 6,161.)

(Submitted November 28, 1927.   Decided December 28, 1927.)

[261 Pac. 962.]

*Irrigation Districts—Procedure on Petition for Confirmation of District Contract—Appearance by Objectors—Collateral Attack on Decree Establishing District—Appeal—Costs.*

Irrigation Districts—Proceedings in Confirmation of Contracts—Statute —What may Constitute Appearance by Objectors.
  1. *Held*, in a proceeding instituted by the commissioners of an irrigation district under section 7210 et seq., Revised Codes 1921, as amended, to secure confirmation of a contemplated contract with the United States to take over irrigation works constructed by the federal government and to raise the necessary funds by assessments upon the irrigable lands in the district, that in view of the rather vague procedure outlined in section 7211, as amended by section 1 of Chapter 161, Laws of 1923, as to what shall constitute an appearance by objecting owners, their verified objections, which in effect are answers by way of confession and avoidance, were properly treated as answers.

Same—Creation of District—Character of Notice Required.
  2. The only notice required to be given under section 7168, Revised Codes (Part IV, Chap. 29, Civil Code 1921), of the contemplated creation of an irrigation district was by publication or, in certain cases, by mail, hence the objection made by land owners on a hearing upon a petition of the district commissioners for confirmation of a contemplated contract, that they had not been served with personal notice of the creation of the district had no merit.

Same—Proceedings on Confirmation of Contract—Evidence—Admission of Judgment-roll in Matter of Creation of District by Stipulation—Presumption as to Contents of Roll.
  3. Where in the record on appeal from an order confirming a resolution of the board of commissioners of an irrigation district that a proposed contract be executed and an assessment levied on all irrigable lands in the district, it was stipulated that the judgment-roll in the matter of the formation of the district was admitted in evidence but was not incorporated in the record, it will be presumed on appeal that it contained and recited all the law required.

Judgments—Collateral Attack—Judgment-roll Absent from Record— Effect on Appeal.
  4. A judgment (or decree) may not be attacked collaterally unless the judgment-roll in the cause shows it to be void; hence where the judgment-roll is absent from the record on appeal, the supreme court cannot declare the judgment void on such attack.

4.   See 15 Cal. Jur. 59.

[81 Mont. 170.]

Irrigation Districts—Establishment—Decree Conclusive.

    5. In the absence of allegation and proof of fraud in procuring it, a decree establishing an irrigation district is conclusive and can only be called in question by appeal taken within the time allowed by law.

Same—Proceedings in Confirmation of Contract—Whether Lands not Properly Taxable not Issuable Question—Presumption.

    6. In a proceeding for the confirmation of a resolution passed by the commissioners of an irrigation district for the execution of a contract with the United States to take over federal irrigation works, instituted pursuant to the provisions of section 7211, Revised Codes 1921, as amended, the question whether nonirrigable lands were subject to the contemplated tax levy was not one presented for determination and may not be considered on appeal, it being presumed that when the levy is made only irrigable lands will be included within the assessment.

Same—Confirmation of Contract of Purchase of Works—Decree Should Exempt from Tax Levy Acreage not Liable to Payment.

    7. Where by undisputed evidence it was shown that a certain acreage of objectors to a petition by the commissioners of an irrigation district for confirmation of a contract to acquire federal irrigation works was covered by paid-up water-right contracts with the United States, the decree of confirmation should have recited that such acreage was exempt from the levy authorized to pay for the plant.

Appeal—When Appellant not Entitled to Recover Costs on Modification of Judgment.

    8. Where appellant by proper motion in the district court could have obtained the relief granted him on appeal by way of modification of the judgment, the respondent will be awarded his costs on appeal as upon full affirmance of the judgment.

---

   [1]   Waters, 40 **Cyc.**, p. 821, n. 23 New.

   [2]   Waters, 40 **Cyc.**, p. 818, n. 90, p. 819, n. 2 New, p. 821, n. 23 New.

   [3]   Appeal and Error, 4 **C. J.**, sec. 2665, p. 735, n. 25.

   [4, 5]   Appeal and Error, 4 **C. J.**, sec. 2298, p. 521, n. 76. Judgments, 34 **C. J.**, sec. 834, p. 530, n. 15. Waters, 40 **Cyc.**, p. 819, n. 2 New.

   [6]   Appeal and Error, 4 **C. J.**, sec. 2666, p. 736, n. 34. Evidence, 22 **C. J.**, sec. 69, p. 133, n. 31. Waters, 40 **Cyc.**, p. 819, n. 2 New, 5, p. 821, n. 23 New, p. 824, n. 51.

   [7]   Waters, 40 **Cyc.**, p. 821, n. 23 New.

   [8]   Costs, 15 **C. J.**, sec. 630, p. 254, n. 9.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

PETITION by the commissioners of the Fort Shaw Irrigation District for confirmation of a resolution directing execution of a contract with the United States to take over certain irrigation works and providing for a levy of assessments to make

payment. From a judgment dismissing the objections of Albert Ward and others and confirming petitioners' proceedings, the objectors appeal. Modified and affirmed.

*Messrs. Freeman, Thelen & Frary*, for Appellants, submitted an original and an amended brief; *Mr. James W. Freeman* argued the cause orally.

*Mr. R. K. West*, for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

The Sun River Reclamation Project is a federal reclamation project, begun in 1910, under and by virtue of the federal reclamation law, by the United States government; a unit of it is called the Fort Shaw Unit. That unit was created and so designated about the year mentioned. The land in the unit, it appears from the record, is situate in Cascade County, this state.

In 1920, the Fort Shaw Irrigation District was organized and created, under and by virtue of the provisions of Chapter 146, Session Laws 1909, State of Montana, and amendments thereto, as then existing, now Chapter 29, Part IV, Civil Code of Montana, Revised Codes, 1921, as amended by subsequent session Acts. The decree of the district court, creating the district, was rendered and entered, March 2, 1920. Ever since then, the district has been in existence and functioning, with a board of commissioners, as provided by law. It appears that the land embraced by the district is wholly or largely identical with that comprising the Fort Shaw Unit of the Sun River Reclamation Project.

November 10, 1926, there was filed with and presented to the board of commissioners of the district a duly authenticated petition, signed by more than sixty per cent. in number and acreage holding, of the holders of title or evidence of title to lands within the district, requesting that, as is permitted by the laws of the United States and of Montana, the board, in

[81 Mont. 170.]

behalf of the district, enter into and execute a contract with the United States government, to provide for the payment by the district to the United States of the sum of money representing the construction charges and other sums of money expended by the United States for the benefit of the land of the district and for the operation and maintenance, by the district, of the irrigation system of the district and for the ultimate acquisition by the district of the beneficial interest in the irrigation works thereof.

The same day, upon presentation of the petition, the board of commissioners, in regular meeting assembled and acting upon the petition, unanimously adopted a resolution in the premises. The resolution recites the receipt of the petition and the nature thereof; recites that evidence with relation thereto has been heard and finds that the petition is signed by sixty per cent, in number and acreage, of the actual holders of title or evidence of title to the lands within the district and is sufficient in all respects; provides that the petition be granted and that the board of commissioners authorizes and directs the execution of such a contract between the United States and Fort Shaw Irrigation District. The resolution further provides for the levy annually of a special tax or assessment upon all irrigable lands of the district and all lands subsequently included and chargeable under the provisions of law, for the purpose of making all payments due or to become due to the United States under such contract; and, further, that, within ten days, proceedings be instituted, in the district court, by the district, for the confirmation and ratification of all thereof; and, further, that all acts be taken and things done, necessary to all thereof.

November 20, 1926, the commissioners of the district, as commissioners and petitioners, filed in the district court their petition for confirmation of their proceedings in the premises. The petition avers the foregoing stated facts. It has attached to it, as exhibits, a copy of the petition to the board of commissioners, with proofs of genuineness of signatures; copy of resolution of the board; copy of proposed contract. It prays

that all of the proceedings of the board be confirmed and held valid.

Thereupon, the same day, the court, by order, set the petition, for hearing, for December 10, 1926, at 10 o'clock A. M., and ordered that notice thereof, as provided by law, be given. Due notice, as provided by law, was given and proof thereof was made.

Albert Ward, William H. Ish and Quincy Tucker were and are owners of lands in the district. Upon the day and at the hour of the hearing of the petition, they appeared by their counsel and, at that time, each of them filed his written and verified objection to the petition.

The objections are exactly similar, save for the description of the land of each objector. Each objection alleges the ownership of land and describes it and states the quantity thereof which is irrigable; alleges that, prior to the formation by the United States of the Fort Shaw Division (or unit) of the Sun River Reclamation Project, the objector and his predecessors in interest were absolute owners of the described land and of valuable water rights, taken from Sun River and used in connection with such land, and of ditches from Sun River; alleges that such water rights and ditches interfered with the construction of the Fort Shaw Division of the project and that the United States, recognizing objector's rights therein, needed the same and, because thereof, objector and the United States entered into an agreement whereby the latter, in consideration of the privilege of destroying a portion of such ditches, permission for which was given, agreed to build, without cost to the objector, other ditches, sufficient to irrigate a certain acreage of his land, and to furnish perpetually to objector and his successors sufficient water to irrigate such acreage, free of charge, except an annual charge of fifty cents per acre for maintenance; alleges that none of objector's land was or is subject to the cost of construction of the reclamation project and that he is in nowise indebted to the United States; alleges, upon information and belief, that the objector never petitioned for the creation of Fort Shaw Irrigation District and never

received any personal or other notice of the creation or intended creation thereof; alleges that the district does not have and never did have any jurisdiction or control over objector's land or any thereof; alleges that the board of commissioners of the district had no right or authority, under the law or otherwise, to adopt the resolution set forth in the petition, in so far as it attempted to affect objector's land; alleges that the tax therein attempted to be put on objector's land, as a lien, created a cloud upon the title thereto, to objector's damage and detriment; alleges that the district has no right or authority to levy any assessment against objector's land. It prays that the petition be dismissed as to objector's land; that it be decreed that none thereof is subject to be assessed by the district, in any amount; that the board of commissioners be enjoined from in any manner attempting to levy any assessment thereon; for other and further relief, as may be meet and equitable.

Counsel for petitioners immediately filed general and special demurrers to the several objections but there does not appear to have been any ruling on any thereof.

Thereupon, on the day of appearance, the hearing proceeded to the court, without a jury. At the hearing, in open court, it was stipulated and agreed by counsel that all of the lands of the objectors, as described in their several objections, were included within the boundaries of Fort Shaw Irrigation District, formed under decree of court, March 2, 1920, and have been ever since and now are within the boundaries of the district and a part of the district.

Evidence on behalf of the petitioners and on behalf of the objectors was adduced and heard. Witnesses for each testified and documentary evidence was offered and received. During the progress of the hearing, numerous motions and objections, with regard to evidence offered or offered and received, were made by the respective counsel. Nearly all thereof were taken under advisement by the court and nearly all evidence offered and objected to was admitted, subject to objection made. Counsel for petitioners objected to objectors being allowed to

.offer any evidence. That objection, too, seems to have been taken under advisement by the court and ruling, reserved.

At the close of the evidence, counsel for objectors moved to dismiss the proceeding and objected to confirmation of the acts of the board of commissioners; and counsel for petitioners moved to dismiss the objections of the several objectors. There was no ruling of the court, at the time. Apparently, the motions and the objection were taken under advisement by the court, to be decided when a final decision upon the merits of the cause should be made.

At the close of the hearing, the matter was taken under advisement by the court and thereafter there was rendered and entered the decree of the court. It recites that the court finds that all of the provisions and requirements of Chapter 34 (Civil Code)ʹ and sections 7210 and 9211 (7211 evidently meant), Revised Codes, 1921, and Acts amendatory thereof and supplementary thereto have been complied with; that notice of the hearing was duly given, for the time and in the manner prescribed by law; that all of the allegations of the petition are true; and, by the decree, it is adjudged and decreed that the objections of the objectors are dismissed and that all of the proceedings of the board of commissioners of Fort Shaw Irrigation District and the validity of the proposed contract and of the levy of the specified special tax are ratified, confirmed and approved.

From the decree the objectors appealed and they assign several specifications of error. All thereof are substantially to the same effect and they may be summed up as a contention that the court erred in rendering its decree in favor of the petitioners and against the objectors. They will be considered together.

There is not much conflict in the evidence. Perusal of the record shows, in our opinion, that the material averments of the petition are sustained by the evidence. The issues involved in the appeal present, for the most part, only questions of law.

In their brief, counsel for petitioners present two issues

which, it is suggested, this court has to determine. Substantially, they are:

1. Whether appellants (objectors) made proper appearance, in the proceeding, in the trial court.

2. Whether appellants (objectors) have given any valid reason which would prevent their lands within Fort Shaw Irrigation District (not covered by paid-up water-right contract with the United States) from being assessed like all other lands within the district, for the cost to the district of the irrigation works, under a contract therefor with the United States.

We think that correct. We deem those the issues, upon appeal, and upon their solution depends the decision, upon appeal, of this cause.

To begin with, counsel for petitioners contend that the ob-[1] jections put in by the objectors do not constitute the kind of an appearance and are not the kind of a pleading required by statute of those who would oppose the petition. The same contention was made in the trial court.

The procedure in a matter of this kind is provided for in section 7211, Revised Codes, 1921, as amended by Session Laws 1923, Chapter 161, section 1, pages 525 and 526. As there outlined, the procedure is somewhat vague and, we think, is intended to be rather informal. The section, after outlining the initiation, by petition, of the proceeding and providing for the giving of notice, says any person interested and whose rights may be affected "may enter his appearance in such proceedings and demur to or answer said petition and contest the granting of the prayer of said petition." It then states that the provisions of the Code of Civil Procedure respecting the demurrer or answer to a verified complaint shall be applicable to a demurrer or answer to the petition and further says "every material statement of the petition, not specifically controverted by the answer, shall be taken as true."

The same section, page 526, in treating of the hearing and the conduct thereof, into what the court shall inquire and what it shall determine, says the court, among other things,

"shall hear all objections filed to said proceedings or any part thereof." It says, further, "the court, in inquiring into the regularity, legality and validity of said proceedings, shall disregard any error, omission or other irregularity which does not affect the substantial rights of the parties."

Thus, the section, in one place, speaks of a demurrer or answer to the petition and, in another place, speaks of objections filed to the proceedings. In this instance, there was no demurrer to the petition. The objectors made known their opposition to the petition and the proceeding by filing written and verified objections. Whatever the section may contemplate by providing for both an answer and the filing of objections, in this case we think the written and verified objections filed may be considered answers and that they served that purpose. Evidently, the trial court so considered and we shall so deem them. The objections do not deny any of the averments of the petition and, hence, admit them to be true but set up some new matter. The objection, in each instance, is practically an answer by way of confession and avoidance. While the objections admit the truth of all material averments of the petition by not denying any thereof, nevertheless the trial court required the petitioners to make proof of the same and we think it was done satisfactorily.

Having disposed of the contention about the pleadings, the next issue that presents itself, substantially in the language of the brief of counsel for petitioners, is: Whether appellants (objectors) have given any valid reason which would prevent their lands within Fort Shaw Irrigation District (not covered by paid-up water-right contract with the United States) from being assessed like all other lands within the district, for the cost to the district of the irrigation works, under a contract therefor with the United States.

By its decree, the trial court held that all of the averments of the petition were proven to be true and that holding we believe to be correct. Therefore, unless the objectors alleged and have proven some valid reason which would prevent their lands within the district, which are not provided with and

served by paid-up water-right contract with the United States, from being assessed like all other lands within the district, for the cost to the district of the irrigation works, under a contract therefor with the United States, the decree of the trial court must be affirmed.

Each of the objectors offered proof and proved that, for a valid consideration, he had a contract with the United States, entered into before the organization of Fort Shaw Irrigation District and while the objector was the owner of his land, for a paid-up perpetual water right for a portion of his land. Counsel for petitioners, in his brief, admits that such portion of the land of each objector is not under the jurisdiction of Fort Shaw Irrigation District and is not subject to any assessment or tax, levied or to be levied by the district, and that any assessment, levied or to be levied, should apply only to the irrigable lands of objectors "not covered by the said paid-up water rights." From the record it appears and counsel for petitioners admits that the area of land of each objector which is provided with and covered by such a contract is as follows: Objector Albert Ward, 68 acres; Objector William H. Ish, 11.3 acres; Objector Quincy Tucker, 24 acres. As to those respective areas, there is no dispute of the fact that they should be exempt from the decree of the court. That leaves for us only the dispute as to the remaining lands of the objectors, for those areas, above specified, do not comprise all of the lands of the objectors, situate in the district; each has more.

It is stipulated that the remaining lands were included in [2] Fort Shaw Irrigation District when it was organized and are now in it and are a part of it. The objection of each objector, which serves as an answer, alleges, "upon information and belief," that the objector, being at the time the owner of the land, never received any personal or other notice of the creation or intended creation of Fort Shaw Irrigation District. There was some testimony of each objector, tending to substantiate that allegation. Counsel for objectors seem to deem

that a reason why the lands of the objectors, within the district, should not be subject to its jurisdiction.

The law in regard to the organization of irrigation districts as it existed at the time of the organization of Fort Shaw Irrigation District is found in Chapter 29, Part IV, Civil Code of Montana, Revised Codes, 1921. Section 7168 thereof provides that, upon the filing in the district court of the petition for organization of a district, the court or judge shall make an order fixing the time and place of hearing. It provides that, thereupon, the clerk of the court shall give notice thereof by causing to be published, once a week for two successive weeks, in a newspaper of the county, a copy of the petition, together with a notice stating the time and place of the hearing; if land in two or more counties be involved, such publication shall be made in a newspaper of each county. If any holder of title or evidence of title to lands within the proposed district be a nonresident of the county or counties in which the proposed district lies, it is provided the clerk shall mail to him, at his address, as given in the petition, a copy of the petition and a copy of the notice.

Thus, notice was to be given wholly by publication or publication and mail. No personal service was required. In this case, no objector or other witness testified there was not such publication or such mailing; no objector testified he was not living, at the time of the organization of the district, in the county in which were the lands of the proposed district. Section 7169 of Chapter 29, supra, provides that at the hearing the court shall hear and determine whether the requirements of section 7168, supra, have been complied with. It is to be presumed the court did it. (Sec. 10606, Rev. Codes, [3] 1921.) The judgment-roll "In the Matter of the Formation of the Fort Shaw Irrigation District," including the decree which established the district, was admitted in evidence, at the hearing of this cause in the trial court. The judgment-roll is not set out in the record before us but it is merely stipulated therein that it was admitted in evidence and, from the decision of the trial court, in this cause, we must presume

it contained and recited all the law requires. (*Northern Pacific Ry. Co.* v. *Hauswirth,* 49 Mont. 135, 140 Pac. 516; *Roberts* v. *Sinnott,* 54 Mont. 114, 169 Pac. 49.)

Moreover, as we have seen, it is in the record, by stipulation, [4, 5] that the lands of the several objectors were included in Fort Shaw Irrigation District, at its organization, and are now a part of the district; if a part of the district, they must have been properly included therein. The attack of the objectors upon the decree organizing Fort Shaw Irrigation District, so far as are concerned the lands of the objectors, is a collateral attack and a judgment or decree may not be attacked collaterally, unless the judgment-roll in the cause shall show the judgment or decree to be void. (*Harvey* v. *Whitlatch,* 2 Mont. 55; *Vantilburgh* v. *Black,* 2 Mont. 371; *Edgerton* v. *Edgerton,* 12 Mont. 122, 33 Am. St. Rep. 557, 16 L. R. A. 94, 29 Pac. 966; *State ex rel. Smith* v. *District Court,* 55 Mont. 602, 179 Pac. 831; *Henderson* v. *Daniels,* 62 Mont. 363, 205 Pac. 964; *Billings Hardware Co.* v. *Bryan,* 63 Mont. 14, 206 Pac. 418.) Neither the decree nor the judgment-roll in question being before us, we cannot say the decree is void. Furthermore, in the absence of allegation and proof of fraud in procuring it, a decree establishing an irrigation district is conclusive and cannot be called in question, except on appeal therefrom taken within the time allowed by law. (*O'Neill* v. *Yellowstone Irr. Dist.,* 44 Mont. 492, 121 Pac. 283.) Objectors make no allegation of fraud nor did they attempt to make any proof thereof. Therefore, we hold objectors estopped from attacking the organization of Fort Shaw Irrigation District, in so far as it affects their lands.

Counsel for objectors rely strongly on *Bitter Root Irr. Dist.* v. *Cooney,* 67 Mont. 436, 218 Pac. 945. That case, however, is not in point. It was a proceeding, brought under section 7189, Revised Codes, 1921 (a section not here involved), for extension and enlargement of the boundaries of an irrigation district, to which objection was made by an objector whose land it was sought to include within the boundaries of the district. There, the question at issue was: Shall the land be

included? This is nothing of the kind. This is a proceeding to confirm proceedings of a district board of commissioners in deciding to enter into a contract and to levy an assessment. Here, the lands of the objectors were already in the district and their attack upon the organization of the district is collateral. After due service of notice, by publication, which we must presume, at the time of the proceeding to organize the district, if these objectors did not want their lands included in the proposed district, they should have appeared at the hearing of the petition to organize and then and there should have made opposition to inclusion of their lands; and, if not successful then, they should have appealed. Having not done so, so far as shown by the record before us, they may not now be heard to say their lands are not properly in the district or are not subject to the jurisdiction of the district and its commissioners.

Counsel for objectors cite and rely upon the case of *United States* v. *Heinrich,* 12 Fed. (2d) 940. The decision of that case, however, is not applicable, under the circumstances of this case, to the lands of the objectors to which their water-right contract with the United States does not apply. Such lands of the objectors, true, were patented lands before the Sun River Reclamation Project and its Fort Shaw Unit were started and it may be, as contended by counsel for objectors, were not included in the Sun River Reclamation Project or any unit thereof but that does not necessarily keep them from being included (as, in fact, stipulated) in and a part of Fort Shaw Irrigation District. That irrigation district, a creation of Montana law, and the Sun River Reclamation Project, a federal institution, are two different things. There is nothing to prevent patented lands from being included in and made a part of a state-formed irrigation district.

Counsel for objectors contend and emphasized in oral argu-[6] ment that only such lands of the objectors as are not affected by water-right contract with the United States and are irrigable can be, in any event, subject to any tax or assessment levied by the board of commissioners of Fort Shaw Irri-

gation District and they claim none of the lands not so affected are shown to be irrigable.

We do not understand that to be an issue in this proceeding. The petition says nothing on that point. The resolution adopted by the board of commissioners recites there is levied a special tax or assessment on all irrigable lands of the district; thus limiting it to irrigable lands. The copy of the proposed contract in question shows it is applicable only to irrigable lands.

This is not, as we understand it, a proceeding to determine what land of the district is and what is not irrigable; what land of the district is and what is not subject to a levy. It appears to us that this is simply a confirmatory proceeding; a proceeding to obtain confirmation of the acts and proceedings in the premises of the board of commissioners of the district; a proceeding to obtain a decree confirming the resolution of the board that a proposed contract be executed and that a special tax or assessment on all irrigable lands of the district is levied. That is all that was asked and all that is decreed. Such a proceeding is expressly authorized by the Codes of Montana. (Sec. 7211, Rev. Codes, 1921, as amended, Session Laws 1923, Chapter 161, p. 524.) Certainly, the petition was drawn on that theory and for that purpose.

When it may come to applying the levy to irrigable lands and collecting the tax, we must presume it will be done according to law; we must presume some method and a lawful one of determining what lands of the district are irrigable will be adopted. Section 7235A, Revised Codes, 1921, as enacted in the Session Laws of 1923, page 473, provides a method of determining. Counsel for objectors complain because that method has not heretofore been invoked and exercised. The section says the board of commissioners may do the things there mentioned, whenever deemed advisable. We do not see that the time for so doing necessarily has come yet. There is yet time therefor, before any attempt to enforce a levy and collect a tax. We do not see that the objectors are hurt, so far. We are not saying the objectors would be without rem-

edy, if an attempt should be made later to collect a tax on land of theirs which might, in fact, be nonirrigable land. If a piece of land is clearly nonirrigable, wholly unfit for irrigation, an attempt to collect a tax on it, under and by virtue of a resolution to levy a tax on irrigable lands, would not comport with the authority conferred by the resolution; but we do not see that this is a proceeding to determine what land in the district is irrigable.

Counsel for objectors attack the proposed contract by contending it is without a consideration. In that, we think counsel mistaken. We believe there is, in the proposed contract, a contemplated benefit to the district; sufficient benefit to constitute a consideration.

It being stipulated that the lands of the objectors are a part of the district, we see nothing to keep their lands (not covered by paid-up water-right contract with the United States) from being assessed like all other lands within the district (that is to say, such lands as are irrigable), for the cost to the district of the irrigation works, under a contract therefor with the United States.

The decree herein, however, makes no provision for exempt-
[7] ing from the scope, operation or application of the decree such lands of the objectors as are covered or affected by paid-up water-right contract with the United States. It should do so. Otherwise, we find no error in the record. By undisputed evidence, the area of such land, as above mentioned, belonging to each objector is established and we have heretofore herein stated it.

It is ordered that the district court modify its decree so as to recite and show that, within the district, Objector Albert Ward has 68 acres of such land as above described; that Objector William H. Ish has 11.3 acres of such; that Objector Quincy Tucker has 24 acres of such; that such specified areas are exempt from levy, by the board of commissioners of Fort Shaw Irrigation District, of any assessment or tax, because of, by reason of, by virtue of, arising out of or under the proposed contract, which, by the decree, is ratified, confirmed

and approved.   As so modified, it is ordered that the decree be and it is affirmed.

Had counsel for objectors, before appeal, moved the district [8] court to modify the decree, as above directed, it is perfectly obvious such modification should have been made; and, in such event, had the motion, instead of being granted, been denied, upon appeal, the decree being modified, as it is, we should be disposed, in accordance with section 9791, Revised Codes, 1921, to apportion costs of appeal.   However, as the record does not show that such a motion was made, upon the authority of *Pue* v. *Bushnell*, 72 Mont. 265, 233 Pac. 124, and other like decisions of this court, it is ordered that respondents (petitioners) recover their costs upon appeal, as would be done upon a full affirmance of judgment.

*Modified and affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.