STATE ex rel. DAVID S. JOHNSON, RELATOR, v. DISTRICT COURT OF THE COUNTY OF JEFFERSON, ET AL., RESPONDENTS.

No. 9580.

Submitted December 20, 1955. Decided April 5, 1956.

295 Pac. (2d) 1042.

104

Mr. John F. McGough, Boulder, Messrs. Maury, Shone & Sullivan, Butte, for relator.

Mr. Howard A. Johnson and Mr. Keith P. Johnson, Butte, for respondents.

Mr. H. L. Maury and Mr. Howard A. Johnson argued orally.

MR. JUSTICE ANGSTMAN:

This is an application by David S. Johnson for a writ of supervisory control or other appropriate original writ. Relator challenges the procedure taken in an action by Jalmir Mining Company, a corporation, plaintiff, v. David S. Johnson, defendant. The application was first denied *in toto* by this court. On motion for rehearing a majority of the members of this court thought the application should be granted in part, which was done as hereinafter more fully pointed out.

The Jalmir action is one to set aside a tax deed. Plaintiff

is the successor in interest to the property involved which originally belonged to Morning Glory Mines, Inc., and which was sold to defendant Johnson in tax title proceedings. The record discloses that David Johnson made affidavit under R.C.M. 1947, section 84-4158, that he paid the sum of $327.08 taxes, interest and penalty, and that he expended $10,255 in improving and preserving the property after three years from the date of the tax sale and claimed the right to have two-thirds thereof deposited in court under that section, since the Jalmir Company claimed a two-thirds interest in the property.

Johnson asked for and was granted an order to show cause, which was by agreement of the parties heard by Judge Mc-Clernan on July 14, 1952, Judge Bennett, the resident judge having previously been disqualified. Judge McClernan on July 14, 1952, made an order that plaintiff deposit with the clerk within ten days cash in the sum of $350 to guarantee payment of the taxes, interest and penalty, and a surety bond in the sum of $6,836 to guarantee payment of all sums reasonably expended in preserving and improving the property. The $350 was deposited with the clerk within the ten-day period. A bond was not filed until July 29, 1953, the time for so filing it having been extended by court order.

Meanwhile, Judge McClernan was disqualified on October 24, 1952, and Judge Duncan assumed jurisdiction of the case. On July 18, 1952, Jalmir Company filed a motion to vacate the order of July 14th, and this motion was denied on July 22, 1953. On November 20, 1952, the Jalmir Company filed a motion to correct the court minutes of July 14, 1952. This motion was later granted by Judge Duncan. The particular change made in the minutes was to add a statement to the effect that the court reserved for consideration at a later date the question of the exact amount to which Johnson may be entitled for taxes, interest and penalty, and for expenditures in preserving and improving the property. On October 28, 1952, Johnson filed his answer in which he asked for a judgment quieting title in him for failure of Jalmir Company to comply with the

court's order of July 14, 1952. Likewise Johnson raised the same point by motion.

Upon motion for rehearing this court issued a writ of review specifically limited to a consideration of the order of Judge McClernan of July 14, 1952, and the order of Judge Duncan of March 23, 1953, purporting to amend the order of July 14th. There was no change in this court's ruling theretofore made that a writ of supervisory control would not issue. Hence we have before us now only the question whether the district court had jurisdiction to enter the order of July 14, 1952, and the amended order of March 23, 1953.

Consideration of these questions makes it necessary to ascertain what the appropriate procedure is under R.C.M. 1947, section 84-4158. This section, upon the affidavit being filed, authorizes the court to order the deposit in court of the amount of all taxes, interest and penalty, and the amount of all sums reasonably expended after three years from the date of sale in preserving and improving the property or to show cause at a time to be fixed why the payments should not be made. The time to be fixed shall not exceed thirty days from the date of the order. This order to show cause in the instant case was issued and the date fixed was originally set within the limit of thirty days from the date of the issuance of the order to show cause. Later, the record discloses, by agreement of the parties the matter was heard on July 14, 1952.

The section further provides that, "Upon the hearing of the order to show cause the court shall have jurisdiction to determine said amount and to make an order that the same be paid into court within a given time, not exceeding thirty (30) days after the making of said order. If such amount, when so determined, shall not be paid within the time fixed by said court, then said true owner shall be deemed to have waived any defects in the tax proceedings and any right of redemption, and thereupon, irrespective of any irregularities, defects or omissions or total failure to observe any of the provisions of the statutes of Montana regarding the assessment, levying of taxes,

or sale of property for taxes, and the giving of notices, including notices of redemption, or concerning tax deeds, whether or not such omissions or failures make said proceedings void (other than that the taxes were not delinquent or have been paid), the title of such true owner shall not be quiet against said purchaser or his successors, and a decree shall be entered in said action quieting the title of said purchaser or his successor as against said true owner.''

Here the district court did not upon the hearing on the order to show cause fix the amount of the taxes, interest and penalty, or of the money reasonably expended in preserving and improving the property, but undertook to postpone those questions until some later date, and, in the meantime, required the deposit of $350 to guarantee the payment of the taxes, interest and penalty, and the furnishing of a bond in the amount claimed to have been expended in preserving and improving the property. The statute does not authorize any such procedure. The court was without jurisdiction to order the furnishing of a bond. The court's duty was to make determination of the amount necessary for plaintiff to deposit in court, and then fix the time for its payment. The order of Judge McClernan of July 14, 1952, was void for want of jurisdiction. The order, being void on its face for want of jurisdiction, was subject to collateral attack. Coburn v. Coburn, 89 Mont. 386, 298 Pac. 349; In re Fort Shaw Irr. Dist., 81 Mont. 170, 261 Pac. 962; Frisbee v. Coburn, 101 Mont. 58, 52 Pac. (2d) 882. It was not necessary to appeal from the order or to have settled a bill of exceptions as contended by relator, where, as here, the infirmity of the order appears on its face. It was in the same category as a void statute which this court, in Hamilton v. Board of County Com'rs, 54 Mont. 301, 169 Pac. 729, 731, described as follows: ''An unconstitutional statute is void, and a void thing is as nothing. A void statute is not a law. It imposes no duty, confers no authority, affords no protection, and no one is bound to observe it. In contemplation of law it is as inoperative as though it had never been passed.''

108

Or as stated in Evans v. Oregon Short Line R. Co., 51 Mont. 107, 149 Pac. 715, 717. ''The infirmity appearing upon its face, its validity can be assailed on appeal or by motion to set it aside, in the court which rendered it, or by objection to it when an effort is made to use it as evidence in any other proceeding to establish a right.''

If we assume that Judge Duncan had authority to amend an order made by Judge McClernan, we still could not sustain the order made by him because it too proceeded contrary to the statute. The only kind of an order that the statute permits is one making determination of the amount necessary for plaintiff to deposit in court and to fix the time within which the deposit shall be made. It follows that the order of July 14, 1952, purporting to require the furnishing of a bond within a stated time is void for want of jurisdiction, and the order attempting to amend it is likewise void.

The court will proceed at the convenience of the parties to make determination of the only point open to it under the statute. The other relief sought by relator is denied.

MR. JUSTICES ANDERSON, DAVIS, and BOTTOMLY, concur.

MR. CHIEF JUSTICE ADAIR: I dissent.